UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ROBERT BRIDDELL,<br><br>    Plaintiff<br><br>v.<br><br>SAINT GOBAIN ABRASIVES, INC.,<br><br>    Defendant. | Civil Action No.: 04-40146 |
|---|---|

### ANSWER OF DEFENDANT SAINT-GOBAIN ABRASIVES, INC., TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiff's Complaint, Defendant Saint-Gobain Abrasives, Inc. ("Defendant" or "Saint Gobain") responds to the numbered allegations of the Complaint as follows:

1.  Defendant states that the allegations contained in Paragraph 1 constitute a conclusion of law to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief under the referenced statutes.

2.  Defendant states that the allegations contained in Paragraph 2 constitute a conclusion of law to which no response is required.

3.  Defendant states that the allegations contained in Paragraph 3 constitute a conclusion of law to which no response is required.

4.  Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 4. Defendant states that the allegations contained in the second sentence of Paragraph 4 constitute a conclusion of law to which no response is required.

5.  Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in the first, second, and fourth sentences of Paragraph 6. Defendant states that the allegations contained in the third sentence of Paragraph 6 constitute a conclusion of law to which no response is required.

7. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

## FACTS

10. Defendant states that Plaintiff was hired in 1985 as a material handler in the bonded abrasives division, states that he was subsequently promoted to the position of mixer in the same department and remained in that position until 1988, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Defendant states that Saint-Gobain Abrasives, Inc. merged with the Norton Company in August 1990 and subsequently became Plaintiff's employer.

12. Defendant states that as of August 1990, the bonded abrasives division and the superabrasives division were two separate divisions, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. Defendant states it is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 13.

14. Defendant denies that it treated African American employees differently than non-African American employees, states it is without knowledge or information sufficient to form a belief as to Plaintiff's alleged state of mind and beliefs, and otherwise denies the allegations contained in the first sentence of Paragraph 14. Defendant denies the allegations contained in the second sentence of Paragraph 14.

15. Defendant states it is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 15. To the extent a response is required, Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant admits the allegations contained in the first sentence of Paragraph 17, states that the truing operator position is comparable in difficulty to other jobs in the same classification, and otherwise denies the allegations contained in the second and third sentences of Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant admits the allegations contained in the first two sentences of Paragraph 22, states that Plaintiff was demoted in July 2000 to the position of mixer, and otherwise denies the allegations contained in Paragraph 22.

23. Defendant states it is without knowledge or information sufficient to form a belief as to Plaintiff's alleged state of mind and beliefs, and otherwise denies the allegations contained

in the first sentence of Paragraph 23. Defendant admits the allegations contained in the second sentence of Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant admits the allegations contained in the first sentence of Paragraph 25, and states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 25.

26. Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant states that the Plaintiff asserted to Stephen Stockman, Vice President of Bonded Abrasives, North America, and to Richard Zeena, Human Resources Manager, that Saint Gobain did not promote sufficient numbers of African American employees, and otherwise denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant states that it held a meeting during the summer of 2001 among certain employees from Africa to discuss work-related issues, and otherwise denies the allegations contained in the first sentence of Paragraph 30. Defendant states that it is without knowledge or information sufficient to form a belief as to what Plaintiff said to co-workers about this meeting, admits that Plaintiff complained to company officials that he viewed the meeting as a form of segregation, and otherwise denies the remaining allegations contained in the second and third sentences of Paragraph 30.

31. Defendant states that Plaintiff demonstrated numerous performance problems during 2001 and early 2002, and otherwise denies the allegations contained in Paragraph 31.

32. Defendant states that it learned from other employees that Plaintiff was exceeding the weight limit for mix in his pans, states that as a result of Plaintiff exceeding the weight limit for mix, Defendant counseled Plaintiff on September 18, 2001 and also issued him a "written reminder" on September 20, 2001, and otherwise denies the allegations contained in Paragraph 32.

33. Defendant states that Plaintiff objected to the "written reminder" issued to him, notwithstanding that he was presented with evidence that some of the pans in question were overfilled by as much as 16 or 17 pounds, and otherwise denies the allegations contained in Paragraph 33.

34. Defendant states that Tivnan and Clark issued Plaintiff a written warning on October 4, 2001 for continuing to overfill his pans and for other job performance deficiencies, and otherwise denies the allegations contained in Paragraph 34.

35. Defendant states that on October 4, 2001, Plaintiff made an allegation that he was being discriminated against, states that Plaintiff was informed of his right to take advantage of Saint Gobain's open door policy if he wanted to pursue his allegation, and otherwise denies the allegations contained in Paragraph 35.

36. Defendant states that Plaintiff was issued a written warning and placed on a three-day suspension on October 9, 2001 due to Plaintiff's continued failure to follow proper operating procedure and his failure to sign off on two additional manufacturing orders the evening before, and otherwise denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant states that on or about January 4, 2002, Plaintiff was issued a memorandum that had been prepared by Human Resources Manager Richard Zeena, states that

the memorandum is a document that speaks for itself and otherwise denies the allegations contained in paragraph 38.

39. Defendant states that consistent with customary practice, the overfilled pans had been sitting on a truck for a number of hours after they had been filled by Plaintiff, and otherwise denies the allegations contained in the first two sentences of Paragraph 39. Defendant denies the allegations in the third and fourth sentences of Paragraph 39. Defendant admits the allegations contained in the fifth sentence of Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant states that based upon Plaintiff's continuing performance deficiencies, his failure to follow proper quality procedures, and his production of contaminated mixes on or about January 30, 2002, Defendant suspended Plaintiff on January 30, 2002, and otherwise denies the allegations contained in Paragraph 41.

42. Defendant states that it terminated Plaintiff's employment on February 6, 2002 for his continuing unsatisfactory performance, and otherwise denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant admits that a non-African-American employee assumed Plaintiff's duties after he was terminated from employment, and otherwise denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 48. Defendant admits that it maintains a credit union on its private property, states that Defendant prohibits all terminated employees from entering its private property and that Plaintiff was treated consistently with this policy, and otherwise denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

### COUNT I (Title VII Discrimination)

Defendant repeats and incorporates herein by reference its responses to the allegations contained in Paragraph 1 through 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

### COUNT II (Title VII Retaliation)

Defendant repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

### COUNT III (Violations of 42 U.S.C. § 1981, as amended)

Defendant repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim set forth therein cannot be maintained because any duties or obligations owed to Plaintiff by Defendant have been fully performed, satisfied, or discharged.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim set forth therein cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiff's workplace concerns, thereby satisfying all legal obligations Defendant had to Plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiff is entitled to any recovery, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's failure to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of his failure to exhaust his administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant at all material times made good faith efforts to comply with its obligations under the federal employment discrimination statutes.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim set forth therein are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

2. That the Court order that Plaintiff take nothing by his action against Defendant;

3. That Defendant be awarded the cost and reasonable attorneys' fees it has incurred in defending against this action; and

4. That Defendant by awarded such other, further relief as the Court deems just and proper.

Respectfully submitted,

SAINT-GOBAIN ABRASIVES, INC.,
By its attorneys,

/s/David J. Kerman
David J. Kerman, BBO #269370
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Dated: October 18, 2004                                (617) 367-0025