UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BRIDDELL,<br><br>    Plaintiff<br><br>v.<br><br>SAINT GOBAIN ABRASIVES, INC.,<br><br>    Defendant. | Civil Action No.: 04-40146-FDS |

**STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY**

Plaintiff and Defendant, (hereinafter "the parties") hereby stipulate that the procedures set forth below shall govern the use of any medical and psychiatric information, any personnel information concerning non-parties, financial information, corporate ownership information, corporate operational information, and any trade secret information in connection with pretrial discovery of Plaintiff's claims in this action.

1. Pursuant to this Stipulation and Protective Order, the following documents and information shall be considered confidential:

   a. All medical records concerning the Plaintiff or any witness, including the notes, records, and reports of psychologists, psychiatrists, social workers, and all other health care practitioners;

   b. Transcripts of the depositions of any health care practitioners, including psychologists, psychiatrists, or social workers, who have evaluated, treated, examined, and/or consulted with any party or witness;

   c. All personnel records concerning non-parties (including but not limited to all salary and benefit information of any and all current or former employees of the Defendant);

1

d. Any and all financial information of the Defendant (including but not limited to gross revenue, net income and sales);

e. Any and all operational information of the Defendant, provided, however, that if Plaintiff's counsel in good faith disagrees with the designation by Defendant's counsel of such operational information as confidential, Plaintiff's counsel shall promptly notify Defendant's counsel of the basis for such disagreement. In that circumstance, Defendant's counsel shall promptly confer with Plaintiff's counsel in an effort to resolve the dispute and, if the dispute is not resolved, Defendant shall file a motion seeking an order confirming that the documents in question are properly designated as confidential operational information. Plaintiff's counsel further agrees that during the time period necessary to obtain a Court ruling on, or otherwise resolve, any dispute about whether a document was properly designated by Defendant's counsel as confidential operational information, Plaintiff's counsel shall treat such document(s) as confidential pursuant to this Stipulation;

f. Any and all information identifying individuals who have an ownership interest in the Defendant and/or their ownership percentages;

g. Any and all information of the Defendant which would be considered proprietary commercial information or trade secrets under Massachusetts law;

h. Portions of any deposition transcript in which documents or information regarding the medical or psychological condition of Plaintiff or any witness are referred to, discussed or attached as exhibits.

2. For purposes of pretrial discovery, confidential documents and information may be disclosed or shown only to the following persons:

   a. The Plaintiff. The Plaintiff may disclose the personnel information covered under 1(c) involving bargaining unit members to any union officials who are reasonably called upon to assist the Plaintiff. Prior to disclosing such confidential documents or information to any union officials, the Plaintiff shall deliver a copy of this order to such individual, shall explain its terms, and shall get the individual's written agreement to comply with the terms of this agreement. However, the Plaintiff is not permitted to share or disclose the confidential information contained in 1(a), (b), (d), (e), (f), (g), or (h) with the Union. The Plaintiff also is not permitted to share any personnel information involving non-bargaining unit members with the Union;

   b. With respect to the Defendant the confidential documents and information covered under 1(a), (b), and (h) may be shared only with current or former managerial employees of the Defendant who are reasonably called upon to assist the Defendant in its defense. Prior to disclosing such confidential documents or information, the Defendant shall deliver a copy of this order to such individual, shall explain its terms, and shall get the individual's written agreement to comply with the terms of this agreement;

   c. Counsel of record for the parties in this action, corporate counsel, and the paralegal, clerical and secretarial staff members employed by such parties;

   d. Medical experts retained by counsel in connection with this action and any related action;

  e. Deposition witnesses;

  f. The Court before which this action is pending; and

  g. Any court reporter present in his or her official capacity at any hearing, deposition or other proceedings in this action.

3. Confidential documents or information shall be used or disclosed solely for the purpose of assisting counsel with this litigation.

4. Prior to the disclosure of any confidential documents or information to any person referred to in paragraphs 2(d), (e), and (f), counsel for the party making the disclosure shall deliver a copy of this Order to such person and shall explain its terms to such person.

5. If either party wishes to provide confidential information to anyone not specifically identified above, they shall notify the other party in writing of such desire and the parties shall either agree that such disclosure is appropriate or, if they are unable to agree, shall seek a determination from the Court.

6. If, in connection with a pretrial discovery matter, confidential documents or information are to be included in any papers to be filed in Court, counsel shall file with such papers, and serve on all parties, a notice that such confidential documents or information are subject to this Order. Any confidential documents or information contained in such a filing shall be filed in a sealed envelope bearing a label which contains the case caption, docket number, the title of the papers being filed, and the statement: "Confidential – Subject to Protective Order dated_____. Filed under seal in accordance with the rules of the District Court for the District of Massachusetts."

7. If any confidential documents or information are disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure conduct a diligent and prompt investigation of the circumstances of the disclosure, including ascertaining the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by any such unauthorized person who received confidential information; and promptly inform all other counsel of all facts pertinent to the disclosure.

8. For purposes of depositions only, counsel for the party whose medical or psychiatric records are to be addressed at the deposition may:

    a.  Exclude all persons other than those identified in paragraph 2 from the portions of any other deposition in which confidential documents are produced or introduced as exhibits or in which confidential documents or information regarding the party in question are referred to or discussed.

9. Nothing in this Order shall be construed to waive or prejudice the right of any party to object to the production or admission of any document or information in this action, including at any hearing or trial. Similarly, nothing in this Order shall be construed to waive or prejudice the right of any party to offer into evidence any such document or information at any hearing or trial. Nor shall anything in this Order be construed to waive or prejudice the right of any party to seek additional protection from the Court for documents or information subject to this Order.

10. Nothing in this Order shall prohibit disclosure of confidential records or information relating to any party upon the express permission of the party whose confidential records or information is at issue or by order of the Court.

11. Nothing in this Order shall prevent Plaintiff or Defendant from responding to press inquiries regarding Plaintiff's claims so long as Plaintiff or Defendant does not disclose the documents covered by this Order or specific confidential information obtained from the records subject to this Order.

12. Upon the final termination of this action, each party shall return all confidential documents, including all copies within the party's control or the control of those to whom the party has distributed any such documents, to counsel for the party to whom the confidential documents pertain or shall certify that all such documents have been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs or documents containing their work product which refer to or incorporate confidential documents or information, and will continue to be bound by the terms of this Order with respect to any such information.

13. The terms of this Stipulation and Protective Order are intended to govern the use of confidential documents and information during pretrial discovery only and do not apply to the trial.

_____   8/24
For the Plaintiff         Date

_____   8/25/05
For the Defendant         Date


**SO ORDERED**, this _____ day of _____, 2005.


_____
United States District Court Judge