EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT BRIDDELL | : | CIVIL ACTION NO. |
| Plaintiff | : | 4:04 CV 40146 (FDS) |
| | : | |
| v. | : | |
| | : | |
| SAINT GOBAIN ABRASIVES, INC. | : | |
| Defendants | : | July 7, 2005 |
| | : | |

## 30(B)(6) NOTICE OF DEPOSITION

Please take notice that pursuant to Rule 30(B)(6) of the Federal Rules of Civil Procedure, plaintiff in the above-captioned action will take the deposition of Saint Gobain Abrasives, Inc. as specified herein. The deposition will commence on July 19, 2005 at 9:00 before a court reporter, or other competent authority, at the offices of Catuogno Court Reporting Services., 446 Main Street, Worcester, MA. , and will continue day to day until completed. You are invited to attend and examine.

The deponent is hereby advised of its duty to designate one or more officers, directors or managing agents to testify on it's behalf as to the matters of examination listed below, and to produce the document listed in the schedule A.

DEFINITIONS

"Defendant", "Saint Gobain", "you", "yours" and "the Company", refer to Saint Gobain

1

Abrasives, Inc., it's parent corporation, groups, partners, divisions, subsidiaries, and departments, together with its officers, directors, employees, associates, successors, agents, representatives (including attorneys and advisors) and any person acting or purporting to act on behalf of such entities or persons".

<u>SUBJECTS</u>

Pursuant to Rule 30 (B)(6), the following subject matters are specified for examination:

      1.    The Defendants investigations and purported good faith efforts to address the Plaintiff's workplace concerns with respect to discrimination, retaliation and/or disparate treatment, including concerns that the Plaintiff raised about: (1) the initial denial of a promotion to a band 4 position; (2) concerns about a co-worker wearing a confederate flag bandanna; (3) concerns that the Defendant was practicing segregation; (4) concerns that there was discrimination with respect to promotional opportunities at Saint Gobain, including the lack of minorities in supervisory positions; and (5) concerns that the discipline that he was receiving in 2001 and early 2002 was discriminatory.   This would include information concerning who conducted the investigation, the date and substance of any communications, the standards used in investigating the complaints, and/or any documents created or reviewed.  The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

      2.    The Defendants investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, including any response to or investigations of race discrimination, racial harassment or retaliation during the period of January 1999 through January 2004 at Defendant's Worcester facility,

including any investigation of a racist comment made by Dave Aubin, any investigation of a doll hung on the Union informational board, and any other investigation into any complaints of race discrimination, racial harassment or retaliation.   This would include information as to any complaints, and information concerning who conducted the investigation, the date and substance of any communications, the standards used in investigating the complaints, and/or any documents created or reviewed. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

3.    The Defendants investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, through its purportedly comprehensive, effective and well-publicized policies, including any action taken by the Defendant to ensure that these policies were actually followed with respect to promotions and with respect to discipline at the Worcester facility between January 1999 and the date of the Plaintiff's termination.  The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

4.    The policies, procedures and/or practices surrounding race discrimination, racial harassment, and retaliation between 1/99 and the date of the Plaintiff's termination, and any communications to employees at the Worcester facility about these policies, practices and procedures during that time period. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

3

5.     The factual basis for any claim of failure to mitigate damages including any positions which the Defendant contends that the Plaintiff would have received had he conducted a diligent search for alternative employment. The Plaintiff believes that such information is relevant and material to the Defendant's affirmative defenses.

6.     The Defendant's policies, practices and procedures regarding discipline or termination of employees at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any procedures to be followed in order to ensure that discipline of such employees was uniformly applied without regard to race or history of having made discrimination complaints. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

7.     The Defendant's discipline of other employees, if any, for having created a contaminated mix at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such contaminated mixes, and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

8.     The Defendant's discipline of other employees, if any, for having failed to sign an M.O. at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such failure and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

4

9.    The Defendant's discipline of other employees, if any, for having failed to use the CON-CAM system at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such failure and the discipline or lack thereof for such conduct.    The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

10.    The Defendant's discipline of other employees, if any, for having heavy mixes or other safety violations at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to information as to how and when mixes were weighed, any documents showing overweight mixes and the discipline or lack thereof for such conduct.    The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

11.    The evaluations and disciplinary history of similarly situated employees identified in the Defendant's CHRO Answer or discovery responses: Kevin Reed, Frank Hanson, Jim Constantine, Tom Patnode, Ron Racca, Asare Agyeman, Russ Johnson, Larry Stidsen, Gary Egan, Kevin Moulton, Ray Bull, Joseph Wilson, Francis Zawalich, Stephen Gelardi, Kenneth Acquah, Michael Thibault, Nana Asamoah, Daniel Appiah, Kevin Morrissey, James Ward, Ivan Vega, Dale Pope, Gifton Edwards, Mike Kimball, Pasquale Gaimani, Tom Carlo, Walter Ahl, David Aubin, Eric Baning, Nathan Benson, Jason Bullock, James Ciceno, Jesus Cruz, William Gambacini, James Geland, Marc Haynes, George Koduah, Chanle Mome Jr., Frederico Pires, and Richard Wade.  The

Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

THE PLAINTIFF,

BY:_____

Mary E. Kelly ct07419
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, Connecticut  06105
(860) 233-9821

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing 30(B)(6) Notice of Deposition has been faxed and mailed, U.S. First Class, on this 7th day of July, 2005 to all counsel of record:

Amanda S. Rosenfeld
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116

Mary E. Kelly

## SCHEDULE A

### Definitions

As used in this Schedule the term "document" means any paper, letter, diary, check, agreement, contract, memorandum, report notation, financial record, e-mail, computer or other business machine input and output, and other data compilations from which information can be obtained, as well as any draft duplicate in any form, tape, disc, file, wire, or other means of electronic, mechanical or physical reproduction or presentation in any form, as well as any transcript, excerpt, reproduction or duplication in whatever form.

### Documents to be Produced

1.     Any documents not already produced concerning the Defendants investigations and purported good faith efforts to address  the Plaintiff's workplace concerns with respect to discrimination, retaliation and/or disparate treatment, including concerns that the Plaintiff raised about: (1) the initial denial of a promotion to a band 4 position; (2) concerns about a co-worker wearing a confederate flag bandanna; (3) concerns that the Defendant was practicing segregation; (4) concerns that there was discrimination with respect to promotional opportunities at Saint Gobain, including the lack of minorities in supervisory positions; and (5) concerns that the discipline that he was receiving in 2001 and early 2002 was discriminatory.   This would include information concerning who conducted the investigation, the date and substance of any communications, the standards used in investigating the complaints, and/or  any

1

documents created or reviewed. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

2.  Any documents not already produced concerning the Defendants investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, including any response to or investigations of race discrimination, racial harassment or retaliation during the period of January 1999 through January 2004 at Defendant's Worcester facility, including any investigation of a racist comment made by Dave Aubin, any investigation of a doll hung on the Union informational board, and any other investigation into any complaints of race discrimination, racial harassment or retaliation.    This would include information as to any complaints, and information concerning who conducted the investigation, the date and substance of any communications, the standards used in investigating the complaints, and/or any documents created or reviewed. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

3.  Any documents not already produced concerning the Defendants investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, through its purportedly comprehensive, effective and well-publicized policies, including any action taken by the Defendant to ensure that these policies were actually followed with respect to promotions and with respect to discipline at the Worcester facility between January 1999 and the date of the Plaintiff's termination. The Plaintiff believes that such information is relevant and material to the

motive of the Defendant and to the Defendant's affirmative defenses.

4.    Any documents not already produced concerning the policies, procedures and/or practices surrounding race discrimination, racial harassment, and retaliation between 1/99 and the date of the Plaintiff's termination, and any communications to employees at the Worcester facility about these policies, practices and procedures during that time period. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

5.    Any documents not already produced concerning the factual basis for any claim of failure to mitigate damages including any positions which the Defendant contends that the Plaintiff would have received had he conducted a diligent search for alternative employment. The Plaintiff believes that such information is relevant and material to the Defendant's affirmative defenses.

6.    Any documents not already produced concerning the Defendant's policies, practices and procedures regarding discipline or termination of employees at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any procedures to be followed in order to ensure that discipline of such employees was uniformly applied without regard to race or history of having made discrimination complaints. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

7.    Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having created a contaminated mix at the

3

Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such contaminated mixes, and the discipline or lack thereof for such conduct.    The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

8.    Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having failed to sign an M.O. at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such failure and the discipline or lack thereof for such conduct.    The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

9.    Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having failed to use the CON-CAM system at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such failure and the discipline or lack thereof for such conduct.    The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

10.    Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having heavy mixes or other safety violations at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to information as to how and when mixes were weighed, any documents

showing overweight mixes and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

     11.    Any documents not already produced concerning the evaluations and disciplinary history of similarly situated employees identified in the Defendant's CHRO Answer or discovery responses: Kevin Reed, Frank Hanson, Jim Constantine, Tom Patnode, Ron Racca, Asare Agyeman, Russ Johnson, Larry Stidsen, Gary Egan, Kevin Moulton, Ray Bull, Joseph Wilson, Francis Zawalich, Stephen Gelardi, Kenneth Acquah, Michael Thibault, Nana Asamoah, Daniel Appiah, Kevin Morrissey, James Ward, Ivan Vega, Dale Pope, Gifton Edwards, Mike Kimball, Pasquale Gaimani, Tom Carlo, Walter Ahl, David Aubin, Eric Baning, Nathan Benson, Jason Bullock, James Ciceno, Jesus Cruz, William Gambacini, James Geland, Marc Haynes, George Koduah, Chanle Mome Jr., Frederico Pires, and Richard Wade. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.