## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT BRIDDELL,

      Plaintiff,

v.

SAINT GOBAIN ABRASIVES, INC.,

      Defendant.

Civil Action No.: 04-40146-FDS

### RESPONSES OF DEFENDANT, SAINT-GOBAIN ABRASIVES, INC., TO PLAINTIFF ROBERT BRIDDELL'S REQUESTS FOR PRODUCTION

Defendant, Saint-Gobain Abrasives, Inc. ("Saint-Gobain" or "Defendant") hereby responds to Plaintiff's First Set of Interrogatories (the "First Set") as follows:

### SPECIFIC OBJECTIONS

1.      Saint-Gobain objects to the First Set's instructions regarding supplementary answers. Saint-Gobain states that it will supplement its discovery responses in accordance with Fed. R. Civ. P. 26(e).

2.      Saint-Gobain objects to the First Set's definition of "Complaint." Saint-Gobain will construe "Complaint" to mean the Complaint filed in civil action number 04-40146-FDS with the United States District Court, District of Massachusetts.

3.      Saint-Gobain objects to the First Set's definition of "Defendant." Saint-Gobain will construe "Defendant" to mean Saint-Gobain Abrasives, Inc., and its predecessors, related corporate entities, employees, agents, representatives and any other persons acting or purporting to act on its behalf, including, but not limited to its attorneys.

## GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each of Saint-Gobain's Specific Responses to the Requests.

1.      Saint-Gobain undertakes to produce documents in response to the Requests only to the extent required by, and Saint-Gobain objects to the Requests to the extent they exceed or conflict with the Federal Rules of Civil Procedure.

2.      Saint-Gobain is providing this response and is producing documents pursuant thereto without waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality or admissibility of (i) the Requests or any part thereof, (ii) statements made in this response to the Requests or any part thereof, or (iii) any documents produced in accordance with this response.

3.      Saint-Gobain objects to the Requests to the extent they demand production of any document covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege.   In the event any privileged document is produced by Saint-Gobain, its production is inadvertent and does not constitute a waiver of any privilege.

4.      The Specific Responses set forth below and the document production made pursuant thereto are based upon information now available to Saint-Gobain after having made a diligent search of files in its possession, custody, or control that reasonably relate to one or more of the specific requests contained in the Requests.   Saint-Gobain objects to the Requests to the extent they purport to demand production of documents not in Saint-Gobain's possession, custody or control, or to require a search of files that do not reasonably relate to one or more of

the specific requests contained in the Requests.  Saint-Gobain will produce only documents that are in Saint-Gobain's possession, custody, or control.

5.    Except as otherwise expressly provided, the documents that Saint-Gobain undertakes to produce pursuant to this response will be produced as they are kept in the usual course of business.

6.    Saint-Gobain objects to the production of any documents falling within the General Objections set forth above.  In the event any document falling within such an objection is produced by Saint-Gobain, its production is inadvertent and does not constitute a waiver of the objection.  The following responses to the specific requests contained in the Requests each incorporate by reference, and are each subject to, the General Objections set forth hereinabove.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Please produce all documents identified in response to the Plaintiff's Interrogatory Responses.

### RESPONSE NO. 1

The referenced documents have been produced in connection with the Initial Disclosures of Defendant.

### REQUEST NO. 2

Please provide documents showing the number of employees since the date of the plaintiff's termination.

### RESPONSE NO. 2

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence.  Saint-Gobain further

objects to this request on the ground that it fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34.

## REQUEST NO. 3

Please provide documents including a summary plan description, and plan documents indicating the benefits provided to employees from the date of the plaintiffs hire to the present, including but not limited to documents showing the vacation sick leave, pension, 401 K, and insurance benefits that the plaintiff would have received absent his termination.

## RESPONSE NO. 3

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, is unduly speculative, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain will produce a copy of the Summary Plan Description of the Employees' Investment Plan available to all hourly employees, dated May 1997, a Power Point presentation from October 2001 describing the benefits available to all Saint-Gobain employees in the Worcester plant at the time of Plaintiff's termination from employment, and the Summary Plan Description of the Retirement Income Program for Employees of Norton Company, providing pension benefits in effect at the time of Plaintiff's termination from employment.

## REQUEST NO. 4

Please provide any and all documents which the defendant contends support its answer and/or any affirmative defenses.

## RESPONSE NO. 4

Saint-Gobain objects to this request on the ground that it calls for the production of documents protected against disclosure by the attorney-client privilege and the work product doctrine. In addition, Defendant has not yet determined each and every document that supports its answer and/or any affirmative defenses. Without waiving these objections, Saint-Gobain

refers Plaintiff to documents previously produced in connection with the Initial Disclosures of

Defendant.

## REQUEST NO. 5

Please provide the defendant's records, showing the average increases in the Bonded and Superabrasives Division, including but not limited to payroll records from the date of the Plaintiff's hire to the present.

## RESPONSE NO. 5

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of

Fed. R. Civ. P. 34, calls for the production of documents which are neither relevant or material to

this action, nor likely to lead to the discovery of admissible evidence, and constitutes an

unreasonable interference with the privacy rights of individuals who are not parties to this action.

## REQUEST NO. 6

Please provide the plaintiff's complete personnel file.

## RESPONSE NO. 6

Saint-Gobain refers Plaintiff to documents previously produced in connection with the

Initial Disclosures of Defendant.

## REQUEST NO. 7

Please provide any and all documents concerning any complaints and/or investigations of complaints concerning discrimination or retaliation made by the plaintiff.

## RESPONSE NO. 7

Saint-Gobain objects to this request on the ground that it calls for the production of

documents protected against disclosure by the attorney-client privilege and the work product

doctrine. Without waiving this objection, Saint-Gobain refers Plaintiff to documents previously

produced in connection with the Initial Disclosures of Defendant.

**REQUEST NO. 8**

Please provide any and all documents concerning any complaints and/or investigations of complaints concerning discrimination or retaliation made by any employee since January 1, 1999.

**RESPONSE NO. 8**

Saint-Gobain objects to this request on the grounds that it is overbroad and calls for the

production of documents which are neither relevant or material to this action, nor likely to lead to

the discovery of admissible evidence. Saint-Gobain further objects to this request the ground that

it constitutes an unreasonable interference with the privacy rights of individuals who are not

parties to this action.

**REQUEST NO. 9**

Please provide documents showing the salary increases and/or bonuses provided to employees since the plaintiff's last day of active employment.

**RESPONSE NO. 9**

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of

Fed. R. Civ. P. 34, calls for the production of documents which are neither relevant or material to

this action, nor likely to lead to the discovery of admissible evidence, and constitutes an

unreasonable interference with the privacy rights of individuals who are not parties to his action.

**REQUEST NO. 10**

Please provide any and all documents reflecting or referring to any employee policies or practices concerning discrimination and/or retaliation, including any discrimination policies, retaliation policies, or policies for conducting internal investigations for complaints of discrimination or retaliation.

**RESPONSE NO. 10**

Saint-Gobain objects to this request on the grounds that it is overbroad and calls for the

production of documents which are neither relevant or material to this action, nor likely to lead to

the discovery of admissible evidence. Without waiving these objections, Saint-Gobain refers

Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant. Further responding, Saint-Gobain will produce its Equal Employment Opportunity and Harassment policies from its Employee Handbook and Supervisor's Personnel Guide.

## REQUEST NO. 11

Please provide any job descriptions for all positions held by the plaintiff for the defendant.

## RESPONSE NO. 11

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it has no responsive documents.

## REQUEST NO. 12

If not already produced, please produce any and all corporate organizational charts from 2000 to the present.

## RESPONSE NO. 12

Saint-Gobain objects to this request on the ground that it calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving this objection, Saint-Gobain will produce a copy of its corporate organization chart for the Bonded Abrasives, North America division that was in effect at the time of Plaintiff's termination from employment, provided that Plaintiff executes a mutually-satisfactory Stipulation and Agreement of Confidentiality.

## REQUEST NO. 13

Please provide documents of defendants assets and liabilities and the net worth of the company from the date of plaintiffs termination through the present.

**RESPONSE NO. 13**

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain will produce its Annual Reports for 2002 and 2003.

**REQUEST NO. 14**

Please provide all documents showing any discipline of employees working in Defendant's Bonded and Superabrasives division for performing unsafe acts during the period of from 1994 to present.

**RESPONSE NO. 14**

Saint-Gobain objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant. Further responding, Saint-Gobain will produce a chart, attached as Exhibit A, of Bonded Abrasives employees disciplined in 2003 and 2004 for performing unsafe acts, provided that Plaintiff executes a mutually-satisfactory Stipulation and Agreement of Confidentiality.

**REQUEST NO. 15**

Please provide documents showing number of persons in the Defendant's Bonded and Superabrasives Division from the date that the Defendant purchased the company through the present.

**RESPONSE NO. 15**

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of

Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or

material to this action, nor likely to lead to the discovery of admissible evidence.

## REQUEST NO. 16

Please provide documents showing the race of the persons in the Defendant's Bonded and Superabrasives Division from the date that the Defendant purchased the company through the present.

## RESPONSE NO. 16

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome,

calls for the production of documents which are neither relevant or material to this action, nor

likely to lead to the discovery of admissible evidence, and constitutes an unreasonable

interference with the privacy rights of individuals who are not parties to this action.

## REQUEST NO. 17

Please provide documents showing number of supervisors in the Defendant's Bonded and Superabrasives Division from the date that the Defendant purchased the company through the present.

## RESPONSE NO. 17

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of

Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or

material to this action, nor likely to lead to the discovery of admissible evidence.

## REQUEST NO. 18

Please provide documents showing the race of the supervisors in the Defendant's Bonded and Superabrasives Division from the date that the Defendant purchased the company through the present.

## RESPONSE NO. 18

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome,

calls for the production of documents which are neither relevant or material to this action, nor

likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action.

## REQUEST NO. 19

Please provide documents showing each and every duty of a mixer during the time that the Plaintiff held that position.

## RESPONSE NO. 19

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it does not have any specific documents that comprehensively list all duties performed by a mixer during the time that Plaintiff held the position.

## REQUEST NO. 20

Please provide documents showing each and every duty of a truing operator during the time that the Plaintiff held that position.

## RESPONSE NO. 20

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it does not have any specific documents that comprehensively list all duties performed by a truing operator during the time that Plaintiff held the position.

**REQUEST NO. 21**

Please produce any and all documents showing the number and race of employees in supervisory positions since the Defendant purchased the company.

**RESPONSE NO. 21**

Saint-Gobain objects to this request the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action.

**REQUEST NO. 22**

Please produce any and all documents showing the maximum weight for pans for mixers in 2001.

**RESPONSE NO. 22**

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.  Further responding, Saint-Gobain will produce the "Mixing and Molding Rules" section of the Plant 8 *Safety Rules and Guidelines* booklet.

**REQUEST NO. 23**

Please produce any and all documents showing that Briddell had overweight pans in 2001.

**RESPONSE NO. 23**

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.

**REQUEST NO. 24**

Please produce any and all documents showing all overweight pans during 2001, and the discipline, if any, for the creator of each such overweight pan.

**RESPONSE NO. 24**

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action.  Without waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.  Further responding, Saint-Gobain will produce any responsive documents that it is able to locate after conducting a reasonable search.

**REQUEST NO. 25**

Please provide any and all documents concerning the Defendant's policies and practices with respect to the weight of pans during 2001 and 2002, including but not limited to any internal memoranda, and/or any communications with employees about the Defendant's policies and practices.

**RESPONSE NO. 25**

Saint-Gobain will produce the "Mixing and Molding Rules" section of the Plant 8 *Safety Rules and Guidelines* booklet and the attendance roster with respect to Back Injury Prevention.

**REQUEST NO. 26**

Please provide any and all documents concerning the Defendant's policies and practices with respect to the signing of M.O.'s during 2001 and 2002, including but not limited to any internal memoranda, and/or any communications with employees about the Defendant's policies and practices.

**RESPONSE NO. 26**

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant and documents numbered DEF00572-00591.

**REQUEST NO. 27**

Please produce any and all documents showing that Briddell failed to sign M.O's, including but not limited to copies of the M.O.'s that he allegedly failed to sign.

**RESPONSE NO. 27**

Saint-Gobain refers Plaintiff to documents previously produced in connection with the

Initial Disclosures of Defendant.

**REQUEST NO. 28**

Please produce any and all documents showing all M.O.'s in 2001 and 2002, and the
discipline, if any, for each employee who failed to sign an M.O. during this time period.

**RESPONSE NO. 28**

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome,

calls for the production of documents which are neither relevant or material to this action, nor

likely to lead to the discovery of admissible evidence, and constitutes an unreasonable

interference with the privacy rights of individuals who are not parties to this action.  Without

waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in

connection with the Initial Disclosures of Defendant.  Further responding, Saint-Gobain will

produce any responsive documents that it is able to locate after conducting a reasonable search.

**REQUEST NO. 29**

Please provide any and all documents concerning the Defendant's policies and practices
with respect to the entering of information into the CONCAM system during 2001 and 2002,
including but not limited to any internal memoranda, and/or any communications with employees
about the Defendant's policies and practices.

**RESPONSE NO. 29**

Saint-Gobain states that at the present time it is not aware of any responsive documents.

**REQUEST NO. 30**

Please produce any and all documents showing that Briddell failed to enter information
into the defendant's CONCAM system, including but not limited to documents showing the
information that he allegedly failed to enter.

**RESPONSE NO. 30**

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.

**REQUEST NO. 31**

Please produce any and all documents showing all information entered into the CONCAM system during 2001 and 2002, and the discipline, if any, for each employee who failed to enter information into the system during this time period.

**RESPONSE NO. 31**

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it does not believe that any responsive documents currently exist.

**REQUEST NO. 32**

Please produce any and all documents showing any investigation that took place after the plaintiff complained on or about 10/04/01 that he believed his discipline to be discriminatory.

**RESPONSE NO. 32**

Saint-Gobain states that it does not believe that any responsive documents exist. Responding further, Saint-Gobain states that Plaintiff was advised of his right to pursue his complaint under the Defendant's Open Door policy.

**REQUEST NO. 33**

Please produce any and all documents showing any investigation that took place after the plaintiff complained on or about 1/02 that he believed his discipline to be discriminatory.

**RESPONSE NO. 33**

Saint-Gobain states that it does not believe that any responsive documents exist. Responding further, Saint-Gobain states that Plaintiff was advised of his right to appeal the

January 2002 disciplinary action and that following a review of the facts and circumstances relating to Plaintiff's discharge, Saint-Gobain upheld the decision.

## REQUEST NO. 34

Please provide any and all documents concerning the Defendant's policies and practices with respect to contaminated mixes during 2001 and 2002, including but not limited to any internal memoranda, and/or any communications with employees about the Defendant's policies and practices.

## RESPONSE NO. 34

Saint-Gobain states that it does not believe that any responsive documents exist.

## REQUEST NO. 35

Please produce any and all documents showing that Briddell contaminated mixes, including but not limited to documents showing the cost to the defendant of the contamination.

## RESPONSE NO. 35

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.

## REQUEST NO. 36

Please produce any and all documents showing all contaminated mixes during 2001 and 2002, the cost to the defendant of each, and the discipline, if any, for each employee who allegedly created a contaminated mix during this period.

## RESPONSE NO. 36

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence.

## REQUEST NO. 37

If not already provided, please produce all records of employee discipline for failure to sign M.O.s or enter information into the computer system during the period of 1/00 through 6/30/02.

**RESPONSE NO. 37**

Saint-Gobain refers the Plaintiff to its response to Request No. 28.

**REQUEST NO. 38**

If not already provided, please produce all records of employee discipline for contamination of mixes during the period of 1/00 through 6/30/02.

**RESPONSE NO. 38**

Saint-Gobain refers Plaintiff to its response to Request No. 36.

**REQUEST NO. 39**

If not already provided, please produce all records of employee discipline for the creation of overweight mixes during the period of 1/00 through 6/30/02.

**RESPONSE NO. 39**

In addition to the documents previously produced in connection with the Initial Disclosures of Defendant, see document numbered DEF00571.

**REQUEST NO. 40**

Please produce documents relating to any and all complaints of discrimination, retaliation or unfair treatment with respect to supervisor Jeff Clark.

**RESPONSE NO. 40**

Saint-Gobain states that it has no responsive documents other than what it has previously produced in connection with its Initial Disclosures.

**REQUEST NO. 41**

Please provide the complete personnel files of Jim Constantine, Tom Patnode, Ron Racca, Asare Agyeman, Kevin Reed, Frank Hanson, Russell Johnson, Larry Stidsen, Gary Egan, Kevin Moulton, Ray Bull, Joseph Wilson, Francis Zawalich, Steven Gelardi, Kenneth Acquah, Michael Thibault, Nana Asamoah, Daniel Appiah, Kevin Morrissey, James Ward, Ivan Vega, Dale Pope and Roland Bergeron.

**RESPONSE NO. 41**

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to

16

this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain further

objects to this request the ground that it constitutes an unreasonable interference with the privacy

rights of individuals who are not parties to this action.

## REQUEST NO. 42

Please produce any and al [sic] documents concerning any MO audits done during the
period of 1/00 through 1/03.

## RESPONSE NO. 42

Saint-Gobain objects to this request on the grounds that it is overbroad and unduly

burdensome and calls for the production of documents which are neither relevant or material to

this action, nor likely to lead to the discovery of admissible evidence. Without waiving these

objections, Saint-Gobain is producing herewith documents numbered DEF00594-00603.

## REQUEST NO. 43

If not already provided, produce any/all complaints brought against the defendant, either
internally or externally by current or former employees, claiming discrimination or retaliation
from 1/1/99 through 1/1/03.

## RESPONSE NO. 43

Saint-Gobain objects to this request on the grounds that it calls for the production of

documents which are neither relevant nor material to this action, or likely to lead to the discovery

of admissible evidence. Saint-Gobain further objects to this request the ground that it constitutes

an unreasonable interference with the privacy rights of individuals who are not parties to this

action.

## REQUEST NO. 44

If not already provided, produce any/all documents which constitute and/or describe the
defendant's personnel management or human resources' policies, practices and/or procedures,
which were in effect from 1/1/94 through 1/1/03, including but not limited to, any policies and
practices concerning: evaluating employee performance; determining job duties and assignments;
the process and criteria for wage increases; the discipline of an employee; policies concerning

promotion and on the job training, and termination policies. If these policies and practices vary by division, include all documents reflecting any variations.

**RESPONSE NO. 44**

Saint-Gobain objects to this request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain will produce the Employee Handbook applicable to employees in the Abrasives division and relevant portions of its Supervisor's Personnel Guide, in effect at the time of Plaintiff's termination from employment.

**REQUEST NO. 45**

If not already provided, produce any/all documents concerning notes and/or minutes being taken by any employees during meetings held regarding the discipline or termination of the Plaintiff.

**RESPONSE NO. 45**

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.

**REQUEST NO. 46**

If not already provided, produce any/all employee organizational charts which identify or define defendant's organizational structure including, but not limited to, manager positions and the individuals who occupied those positions, as well as divisions and/or departments, from 2000 through to 1/1/03.

**RESPONSE NO. 46**

Saint-Gobain objects to this request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents which are neither relevant nor material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain refers the Plaintiff to its response to request number 12.

## REQUEST NO. 47

If not already provided, produce the summary plan descriptions for all employee benefit plans offered by the defendant to its employees, including but not limited to, retirement plans, savings plans, profit sharing bonus and/or any other bonus programs, and/or insurance plans, from the date of the plaintiff's termination and up to and including the date of trial.

## RESPONSE NO. 47

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, repetitive of request number 3, and it calls for the production of documents which are neither relevant nor material to this action, nor likely to lead to the discovery of admissible evidence.  Without waiving these objections, Saint-Gobain refers the Plaintiff to its response to request number 3.

## REQUEST NO. 48

Please produce any and all documents relating to any training of employees or managers conducted by or on behalf of the defendant with respect to discrimination, between January 1999 and January 2003.

## RESPONSE NO. 48

Saint-Gobain will produce the Power Point presentation from its "Managing a Respectful Workplace" training provided for all Bonded Abrasives supervisors and managers in 2000, 2001, and 2003, provided that Plaintiff executes a mutually-satisfactory Stipulation and Agreement of Confidentiality.

## REQUEST NO. 49

If not already provided, produce any/all documents that support, or contradict the Complaint, Answer or Affirmative Defenses.

## RESPONSE NO. 49

Saint-Gobain objects to this request on the ground that it fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34.

## REQUEST NO. 50

Please produce any and all workforce profiles submitted to the EEOC or any other government agency with respect to race for the period 1/99 through the present, as all documents describing, explaining, or pertaining to the methods and techniques used in compiling, editing, modifying, or updating such reports.

## RESPONSE NO. 50

Saint-Gobain objects to this request on the grounds that it is overbroad and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence.

## REQUEST NO. 51

Please produce any and all data, including but not limited to machine readable databases, or computer generated or stored information, and all documents necessary to interpret machine readable or computer stored information, containing the following information for each of defendant's employees from January 1999 through January 2003, including historical information for each employee such that, for each year of their employment, information is produced about each data element identified below:

   a.     each employee's race;

   b.     each employee's position;

   c.     each employee's date of hire;

   d.     whether or not each employee has ever notified defendant of discrimination or retaliation; and

   e.      any statement given related to the claims or defenses in the lawsuit;

## RESPONSE NO. 51

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain further objects to this request the ground that it constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action.

Respectfully submitted,

SAINT-GOBAIN ABRASIVES, INC.,
By its attorneys,

_Amanda Rosenfeld_
David J. Kerman, BBO #269370
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: February 28, 2005

## CERTIFICATE OF SERVICE

A copy of the above document was served this 28th day of February, 2005, by overnight delivery, postage prepaid, to attorneys for the Plaintiff, Darragh K. Kasakoff, Seder & Chandler, 339 Main Street, Worcester, MA 01808, and Thomas W. Meiklejohn, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly P.C., 557 Prospect Avenue, Hartford, CT 06105-2922.

_Amanda Rosenfeld_
Jackson Lewis LLP

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT BRIDDELL,

      Plaintiff,

v.

SAINT GOBAIN ABRASIVES, INC.,      Civil Action No.: 04-40146-FDS

      Defendant.

## SUPPLEMENTAL RESPONSES OF DEFENDANT, SAINT-GOBAIN ABRASIVES, INC., TO PLAINTIFF ROBERT BRIDDELL'S REQUESTS FOR PRODUCTION

Defendant, Saint-Gobain Abrasives, Inc. ("Saint-Gobain" or "Defendant") hereby supplements its responses to Plaintiff's Requests for Production (the "First Set") as follows:

### SPECIFIC OBJECTIONS

1.    Saint-Gobain objects to the First Set's instructions regarding supplementary answers. Saint-Gobain states that it will supplement its discovery responses in accordance with Fed. R. Civ. P. 26(e).

2.    Saint-Gobain objects to the First Set's definition of "Complaint." Saint-Gobain will construe "Complaint" to mean the Complaint filed in civil action number 04-40146-FDS with the United States District Court, District of Massachusetts.

3.    Saint-Gobain objects to the First Set's definition of "Defendant." Saint-Gobain will construe "Defendant" to mean Saint-Gobain Abrasives, Inc., and its predecessors, related corporate entities, employees, agents, representatives and any other persons acting or purporting to act on its behalf, including, but not limited to its attorneys.

## GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each of Saint-Gobain's Specific Responses to the Requests.

1.    Saint-Gobain undertakes to produce documents in response to the Requests only to the extent required by, and Saint-Gobain objects to the Requests to the extent they exceed or conflict with the Federal Rules of Civil Procedure.

2.    Saint-Gobain is providing this response and is producing documents pursuant thereto without waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality or admissibility of (i) the Requests or any part thereof, (ii) statements made in this response to the Requests or any part thereof, or (iii) any documents produced in accordance with this response.

3.    Saint-Gobain objects to the Requests to the extent they demand production of any document covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  In the event any privileged document is produced by Saint-Gobain, its production is inadvertent and does not constitute a waiver of any privilege.

4.    The Specific Responses set forth below and the document production made pursuant thereto are based upon information now available to Saint-Gobain after having made a diligent search of files in its possession, custody, or control that reasonably relate to one or more of the specific requests contained in the Requests.  Saint-Gobain objects to the Requests to the extent they purport to demand production of documents not in Saint-Gobain's possession, custody or control, or to require a search of

files that do not reasonably relate to one or more of the specific requests contained in the Requests. Saint-Gobain will produce only documents that are in Saint-Gobain's possession, custody, or control.

5. Except as otherwise expressly provided, the documents that Saint-Gobain undertakes to produce pursuant to this response will be produced as they are kept in the usual course of business.

6. Saint-Gobain objects to the production of any documents falling within the General Objections set forth above. In the event any document falling within such an objection is produced by Saint-Gobain, its production is inadvertent and does not constitute a waiver of the objection. The following responses to the specific requests contained in the Requests each incorporate by reference, and are each subject to, the General Objections set forth hereinabove.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 2

Please provide documents showing the number of employees since the date of the plaintiff's termination.

### SUPPLEMENTAL RESPONSE NO. 2

Saint-Gobain hereby supplements its response to Request No. 2 to read as follows:

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain further objects to this request on the ground that it fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34. Without waiving these

3

objections, Saint-Gobain states that at all relevant times it has employed more than 500 employees for purposes of Title VII of the Civil Rights Act of 1964.

## REQUEST NO. 4

Please provide any and all documents which the defendant contends support its answer and/or any affirmative defenses.

## SUPPLEMENTAL RESPONSE NO. 4

Saint-Gobain hereby supplements its response to Request No. 4 to read as follows:

Saint-Gobain objects to this request on the ground that it calls for the production of documents protected against disclosure by the attorney-client privilege and the work product doctrine.   In addition, Defendant has not yet determined each and every document that supports its answer and/or any affirmative defenses.  Without waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant.  Defendant also refers Plaintiff to his deposition testimony regarding his post-termination job efforts to further support its affirmative defense that Plaintiff has failed to mitigate his alleged damages.

## REQUEST NO. 5

Please provide the defendant's records, showing the average increases in the Bonded and Superabrasives Division, including but not limited to payroll records from the date of the Plaintiff's hire to the present.

## SUPPLEMENTAL RESPONSE NO. 5

Saint-Gobain hereby supplements its response to Request No. 5 to read as follows:

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable

particularity requirements of Fed. R. Civ. P. 34, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action.  Without waiving its objections, Saint-Gobain states that since Plaintiff's termination from employment, merit wage increases have been calculated as a percentage increase from an employee's prior base hourly rate and are dependent on the interrelationship of two independent numerical ratings.  First, an employee's hourly wage is ranked within one of four quartiles, with quartile 4 encompassing employees with the highest base hourly rates and quartile 1 encompassing employees with the lowest base hourly rates.  Second, an employee's Performance Rating for the prior year, based on that employee's performance review, is given a numerical rating.  An employee with an "exceptional" performance ranking merits a numerical ranking of 4; a "good" performance ranking merits a numerical ranking of 3; a "needs improvement" performance ranking merits a numerical ranking of 2; and the "unacceptable" performance ranking merits a numerical ranking of 1.  The numerical quartile ranking and the numerical performance ranking are entered into a "merit increase guide chart," which determines the employee's percentage increase from the employee's prior base hourly rate.  In 2002, employees' wage increases ranged from 0% to 7%; in 2003, the wage increase ranged from 0% to 5.48%; and in 2004 the wage increase ranged from 0% to 3.58%.

## REQUEST NO. 9

Please provide documents showing the salary increases and/or bonuses provided to employees since the plaintiff's last day of active employment.

**SUPPLEMENTAL RESPONSE NO. 9**

Saint-Gobain hereby supplements its response to Request No. 9 to read as follows:

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to his action. Without waiving these objections, Saint-Gobain refers Plaintiff to its Supplemental Response No. 5.

**REQUEST NO. 11**

Please provide any job descriptions for all positions held by the plaintiff for the defendant.

**SUPPLEMENTAL RESPONSE NO. 11**

Saint-Gobain hereby supplements its response to Request No. 11 to read as follows:

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it will produce training documents that list some of the job duties of a truing operator and a mixer.

**REQUEST NO. 19**

Please provide documents showing each and every duty of a mixer during the time that Plaintiff held that position.

## SUPPLEMENTAL RESPONSE NO. 19

Saint-Gobain hereby supplements its response to Request No. 19 to read as follows:

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it does not have any specific documents that comprehensively list all duties performed by a mixer during the time that Plaintiff held the position. Further responding, Saint-Gobain refers Plaintiff to its Supplemental Response No. 11.

## REQUEST NO. 20

Please provide documents showing each and every duty of a truing operator during the time that the Plaintiff held that position.

## SUPPLEMENTAL RESPONSE NO. 20

Saint-Gobain hereby supplements its response to Request No. 20 to read as follows:

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain states that it does not have any specific documents that comprehensively list all duties

performed by a truing operator during the time that Plaintiff held the position. Further responding, Saint-Gobain refers Plaintiff to its Supplemental Response No. 11.

## REQUEST NO. 21

Please produce any and all documents showing the number and race of employees in supervisory positions since the Defendant purchased the company.

## SUPPLEMENTAL RESPONSE NO. 21

Saint-Gobain hereby supplements its response to Request No. 21 to read as follows:

Saint-Gobain objects to this request the grounds that it is vague and ambiguous, overbroad, unduly burdensome, fails to comply with the reasonable particularity requirements of Fed. R. Civ. P. 34, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without waiving these objections, Saint-Gobain will produce EEO-1 reports for its Worcester, Massachusetts and Littleton, New Hampshire facilities for the years 1999 - 2004.

## REQUEST NO. 35

Please produce any and all documents showing that Briddell contaminated mixes, including but not limited to documents showing the cost to the defendant of the contamination.

## SUPPLEMENTAL RESPONSE NO. 35

Saint-Gobain hereby supplements its response to Request No. 35 to read as follows:

Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant and states that it has no other responsive documents.

## REQUEST NO. 36

Please produce any and all documents showing all contaminated mixes during 2001 and 2002, the cost to the defendant of each, and the discipline, if any, for each employee who allegedly created a contaminated mix during this period.

## SUPPLEMENTAL RESPONSE NO. 36

Saint-Gobain hereby supplements its response to Request No. 36 to read as follows:

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant and states that it has no other responsive documents.

## REQUEST NO. 41

Please provide the complete personnel files of Jim Constantine, Tom Patnode, Ron Racca, Asare Agyeman, Kevin Reed, Frank Hanson, Russell Johnson, Larry Stidsen, Gary Egan, Kevin Moulton, Ray Bull, Joseph Wilson, Francis Zawalich, Steven Gelardi, Kenneth Acquah, Michael Thibault, Nana Asamoah, Daniel Appiah, Kevin Morrissey, James Ward, Ivan Vega, Dale Pope and Roland Bergeron.

## SUPPLEMENTAL RESPONSE NO. 41

Saint-Gobain hereby supplements its response to Request No. 41 to read as follows:

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or

material to this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain further objects to this request the ground that it constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without waiving these objections, Saint-Gobain will produce the requested personnel files provided that Plaintiff executes a mutually-satisfactory Stipulation and Agreement of Confidentiality.

Respectfully submitted,

SAINT-GOBAIN ABRASIVES, INC.,
By its attorneys,

*Amanda Rosenfeld*

David J. Kerman, BBO #269370
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: April 7, 2005

## CERTIFICATE OF SERVICE

A copy of the above document was served this 7th day of April, 2005, by overnight delivery, postage prepaid, to attorneys for the Plaintiff, Darragh K. Kasakoff, Seder & Chandler, 339 Main Street, Worcester, MA 01808, and Thomas W. Meiklejohn, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly P.C., 557 Prospect Avenue, Hartford, CT 06105-2922.

*Amanda Rosenfeld*

Jackson Lewis LLP

*Organic Grinding*
*Training Check List*

**Date:** *03-Jan-00*          FACE

HSF3      HS FACER 3 HILLS

Trainee **Bob Beidell**
Trainer(s) **Leo Tonevski**
Group Leader **Bill Deeds**   **Plant 8  Building 120**
Type of training: (circle)  (**Training**)    Cross-Training    Re-Training

**DIRECTIONS:** This check list is to be used to record completed training.
**REPORTING SPV:** Will initiate training between trainee and trainer.  Date *1/3/00* Int. *JL*
**TRAINEE:** Will sign off each line when he or she can perform to an acceptable standard.
**TRAINER: Will sign off each line when trainee has complete competency of item.**
**SUPERVISION:** Will evaluate each sign off and then also sign off.

| Associated Training: | Trainee (Date) | Completed Trainer (Date) | Supervisor (Date) |
|---|---|---|---|
| Plant Safety Course | _____ | _____ | _____ |
| ISO Training | _____ | _____ | _____ |
| Plant Overview | _____ | _____ | _____ |

| Workstation Training: | Trainee (Date) | Completed Trainer (Date) | Supervisor (Date) |
|---|---|---|---|

**TRAINING CATEGORY**

**SAFETY:**

| | Trainee | Completed Trainer | Supervisor |
|---|---|---|---|
| PPE | *RmB* | *1-9 LT* | _____ |
| Pinch Points | *RmB* | *1-13 LT* | _____ |
| Lifting | *RmB* | *1-3 DLT* | _____ |
| Housekeeping | *RmB* | *1-27 LT* | _____ |
| Guarding | *RmB* | *1-27 LT* | _____ |

**QUALITY**

| | | | |
|---|---|---|---|
| Internal Customer needs | *RmB* | *LT* | _____ |
| External Customer needs | *RmB* | *LT* | _____ |
| Reject Platform | *RmB* | *LT* | _____ |
| Nonconformance | *RmB* | *LT* | _____ |

**OPERATION**

DEF01024

## TRAINING CATEGORY

| | | |
|---|---|---|
| Work Station Overview | _(signature)_ | LT |
| Tools/Equipment | _(signature)_ | LT |
| Calibrated Equipment | _(signature)_ | LT |
| Machine Overview | _(signature)_ | LT |
| Operation Process | _(signature)_ | LT |
| Inprocess Inspection | _(signature)_ | LT |
| MACPAC | _(signature)_ | LT |
| Documentation/MO | _(signature)_ | LT |

**JOB SPECIFIC**

| | |
|---|---|
| _(signature)_ | LT |

DEF01025

---

**TRAINING CATEGORY**

---

**Trainer's Comments** _____

_____

_____

_____

_____

Signature:_____     Date:_____

**Trainee's_Comments:**_____

_____

_____

_____*None*_____

Signature: _Robert W Bullock_     Date: _2-10_____

**Group_Leader's Comments**

Bob has been given the proper training needed to perform all aspects of the hst. During conversation with Bob he stated that he felt he was ready to be signed off.

Signature: _Willie Deals_     Date: _2/10/00_

**Reporting_Supervisor's_Comments:**_____

_____

_____

_____

____TrainingMatrixUpdated

Signature:_____     Date:_____

Note:
All completed training sheets must be turned into Group Leaders.
GROUP LEADERS must send all training sheets into the training department for record keeping purposes.

                              107-20-FORM-002 Rev 9/15/99

| *Organic Grinding Training Check List* | **Date:** *21-Mar-05* | FACE |
|---|---|---|
| | **HSFC**   **12 HIGH THIN** | |

**Trainee** _____
**Trainer(s)** _____
**Group Leader** _____   **Plant 8  Building 120**
**Type of training: (circle)**   **Training**   **Cross-Training**   **Re-Training**

**DIRECTIONS:** This check list is to be used to record completed training.
**REPORTING SPV:** Will initiate training between trainee and trainer. Date _____Int._____
**TRAINEE:** Will sign off each line when he or she can perform to an acceptable standard.
<u>**TRAINER:** Will sign off each line when trainee has complete competency of item.</u> _____
**SUPERVISION:** Will evaluate each sign off and then also sign off.

| Associated Training: | Trainee (Date) | Completed Trainer (Date) | Supervisor (Date) |
|---|---|---|---|
| Plant Safety Course | _____ | _____ | _____ |
| ISO Training | _____ | _____ | _____ |
| Plant Overview | _____ | _____ | _____ |
| Video introduction to 5S program | _____ | _____ | _____ |

| Workstation Training: | Trainee (Date) | Completed Trainer (Date) | Supervisor (Date) |
|---|---|---|---|

**TRAINING CATEGORY**

**SAFETY:**

| | Trainee | Completed Trainer | Supervisor |
|---|---|---|---|
| PPE | _____ | _____ | _____ |
| Pinch Points | _____ | _____ | _____ |
| Lifting | _____ | _____ | _____ |
| Housekeeping | _____ | _____ | _____ |
| Guarding | _____ | _____ | _____ |
| Accident Reporting | _____ | _____ | _____ |

**QUALITY**

| | Trainee | Completed Trainer | Supervisor |
|---|---|---|---|
| Internal Customer needs | _____ | _____ | _____ |
| External Customer needs | _____ | _____ | _____ |
| Reject Platform | _____ | _____ | _____ |
| Nonconformance | _____ | _____ | _____ |

Page  *1*

DEF01027

## TRAINING CATEGORY

### OPERATION

Work Station Overview    _____    _____    _____

Tools/Equipment    _____    _____    _____

Calibrated Equipment    _____    _____    _____

Machine Overview    _____    _____    _____

Operation Process    _____    _____    _____

Inprocess Inspection    _____    _____    _____

MACLINK    _____    _____    _____

Documentation/MO    _____    _____    _____

### JOB SPECIFIC

   _____    _____    _____

DEF01028

**TRAINING CATEGORY**

**Trainer's Comments** _____
_____
_____
_____
_____

**Signature:** _____    **Date:** _____

**Trainee's_Comments:** _____
_____
_____
_____

**Signature:** _____    **Date:** _____

**Group_Leader's Comments**
_____
_____
_____
_____

**Signature:** _____    **Date:** _____
**Reporting_Supervisor's_Comments:** _____
_____
_____
_____

___**TrainingMatrixUpdated**

**Signature:** _____    **Date:** _____

_____ **Follow up Complete (Follow up one to two months after completing training.)**

**Signature:** _____    **Date:** _____

Note:
All completed training sheets must be turned into Group Leaders.
GROUP LEADERS must send all training sheets into the training department for record keeping purposes.

107-20-FORM-002  Rev 10/15/00

Page  *3*

**NORTON**

CONFIDENTIAL

Training
Bonded Abrasives
Quality Record
Certification Record

107-10-QREC-001
Page 1 of 1
15 MAY 1992

This form may be reproduced for use.

| CERTIFICATION RECORD | | | | |
|---|---|---|---|---|
| Operator | *Robert Briddell* | | | |
| Process | *THIN WALL 2-BOWL Mixer* | | | |
| Equipment Number | *52086* | | | |
| Requirements | Supervisor | Trainer | Date | Comments |
| Policy | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Skills | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Process | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Materials | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Equipment | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Safety/Health | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Quality | *Randy Juva* | *Edward J Barrell II* | *5-26-92* | |
| Certification | Yes ☑  No ☐ | | *5-26-92* | |
| | Supervisor Signature: *Randy Juva* | | | Date: *5-26-92* |
| | I understand my roles and responsibilities for this process and I agree to follow these procedures. | | | |
| | Operator Signature: *Robert M Briddell* | | | Date: *5-26-92* |

DEF01030

## *Organic Grinding Training Check List*

Date: *21-Mar-05*    MIX
VSOUT    TWO BOWL MIX

**Trainee** _____
**Trainer(s)** _____
**Group Leader** _____    **Plant 8  Building 120**
**Type of training: (circle)    Training    Cross-Training    Re-Training**

**DIRECTIONS: This check list is to be used to record completed training.**
**REPORTING SPV: Will initiate training between trainee and trainer. Date _____ Int._____**
**TRAINEE: Will sign off each line when he or she can perform to an acceptable standard.**
**TRAINER: Will sign off each line when trainee has complete competency of item.**
**SUPERVISION: Will evaluate each sign off and then also sign off.**

| Associated Training: | Trainee (Date) | Completed Trainer (Date) | Supervisor (Date) |
|---|---|---|---|
| Plant Safety Course | _____ | _____ | _____ |
| ISO Training | _____ | _____ | _____ |
| Plant Overview | _____ | _____ | _____ |
| Video introduction to 5S program | _____ | _____ | _____ |

| Workstation Training: | Trainee (Date) | Completed Trainer (Date) | Supervisor (Date) |
|---|---|---|---|

**TRAINING CATEGORY**

**SAFETY:**

| | Trainee | Completed Trainer | Supervisor |
|---|---|---|---|
| PPE | _____ | _____ | _____ |
| Pinch Points | _____ | _____ | _____ |
| Lifting | _____ | _____ | _____ |
| Housekeeping | _____ | _____ | _____ |
| Guarding | _____ | _____ | _____ |
| Accident Reporting | _____ | _____ | _____ |

**QUALITY**

| | Trainee | Completed Trainer | Supervisor |
|---|---|---|---|
| Internal Customer needs | _____ | _____ | _____ |
| External Customer needs | _____ | _____ | _____ |
| Reject Platform | _____ | _____ | _____ |
| Nonconformance | _____ | _____ | _____ |

Page  *1*

DEF01031

**TRAINING CATEGORY**

## OPERATION

| | | | |
|---|---|---|---|
| Work Station Overview | _____ | _____ | _____ |
| Tools/Equipment | _____ | _____ | _____ |
| Calibrated Equipment | _____ | _____ | _____ |
| Machine Overview | _____ | _____ | _____ |
| Operation Process | _____ | _____ | _____ |
| Inprocess Inspection | _____ | _____ | _____ |
| MACLINK | _____ | _____ | _____ |
| Documentation/MO | _____ | _____ | _____ |
| :t Mold Symbol Assignment from Production Assistant | _____ | _____ | _____ |

## JOB SPECIFIC

| | | | |
|---|---|---|---|
| SCREENS | _____ | _____ | _____ |
| COM CAM | _____ | _____ | _____ |
| MATERIAL RETURNS | _____ | _____ | _____ |
| IDENTIFICATION TAGS | _____ | _____ | _____ |
| HAZARDOUS WASTE RESPONSIBILITIES | _____ | _____ | _____ |
| QSP 4.9 (SIGNING M-O) | _____ | _____ | _____ |
| QSP 4.8 (BOND STAMP) | _____ | _____ | _____ |
| EQUIPMENT ORDER BOARD | _____ | _____ | _____ |

DEF01032

**TRAINING CATEGORY**

**Trainer's Comments** _____
_____
_____
_____
_____

Signature:_____     Date:_____

**Trainee's_Comments:**_____
_____
_____
_____

Signature:_____     Date:_____

**Group_Leader's Comments**
_____
_____
_____
_____

Signature:_____     Date:_____
**Reporting_Supervisor's_Comments:**_____
_____
_____
_____

___TrainingMatrixUpdated

Signature:_____     Date:_____

_____ Follow up Complete (Follow up one to two months after completing training.)

Signature:_____     Date:_____

**Note:**
All completed training sheets must be turned into Group Leaders.
GROUP LEADERS must send all training sheets into the training department for record keeping purposes.

107-20-FORM-002  Rev 10/15/00

DEF01033

EQUAL EMPLOYMENT OPPORTUNITY
1999 EMPLOYER INFORMATION REPORT EEO-1
HEADQUATERS REPORT - TYPE 3

PAGE 2

CO = 1150418
U = 1150418
SIC = 3291

## SECTION B - COMPANY IDENTIFICATION

1. NORTON CO
1 NEW BOND ST
WORCESTER
MA 01606

2.a. NORTON CO
1 NEW BOND ST
WORCESTER
MA 01606
b. EI = 04-1680390
c. Y (WAS AN EEO-1 REPORT FILED FOR THIS ESTABLISHMENT LAST YEAR)

## SECTION C - TEST FOR FILING REQUIREMENT

1 - Y   2 - N   3 - Y    DUNS NO.: 112623 4
2. NAICS: 327910 ABRASIVE PRODUCT MANUFACTURING

## SECTION E - ESTABLISHMENT INFORMATION

i. 3291 ABRASIVE PRODUCTS

WORCESTER

## SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | | TOTAL B-K | MALE (B) | (C) | (D) | (E) | (F) | (G) | FEMALE (H) | (I) | (J) | (K) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OFFICIALS AND MANAGERS | (1) | 174 | 139 | 0 | 2 | 6 | 0 | 27 | 0 | 0 | 0 | 0 |
| PROFESSIONALS | (2) | 280 | 177 | 1 | 0 | 5 | 1 | 88 | 1 | 1 | 6 | 0 |
| TECHNICIANS | (3) | 54 | 50 | 1 | 0 | 0 | 0 | 4 | 0 | 0 | 0 | 0 |
| SALES WORKERS | (4) | 99 | 87 | 1 | 0 | 0 | 0 | 11 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | (5) | 126 | 41 | 0 | 0 | 0 | 0 | 81 | 3 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | (6) | 240 | 230 | 3 | 5 | 1 | 0 | 1 | 0 | 3 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | (7) | 735 | 620 | 39 | 39 | 5 | 2 | 26 | 2 | 1 | 1 | 0 |
| LABORERS (UNSKILLED) | (8) | 4 | 3 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS | (9) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | (10) | 1712 | 1347 | 44 | 46 | 17 | 3 | 239 | 3 | 6 | 7 | 0 |
| PREVIOUS REPORT TOTAL | (11) | 1822 | 1444 | 48 | 45 | 19 | 1 | 247 | 3 | 7 | 8 | 0 |

* OTHER QUESTIONS *

1 - 08/01/1999 THRU 08/21/1999(DATE(S) OF PAYROLL PERIOD USED)
2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

* SECTION - F REMARKS *

NORTON CO
1150418 3 1150418

DEF01034

EQUAL EMPLOYMENT OPPORTUNITY
1999 EMPLOYER INFORMATION REPORT EEO-1

UNIT REPORT - TYPE 4

PAGE 6

CO = 1150018
U = 7177024
SIC = 3291

## SECTION B - COMPANY IDENTIFICATION

1. NORTON CO
1 NEW BOND ST
WORCESTER
MA 01606

2.a. NORTON COPIKE DIV
HIGHLAND AVE
LITTLETON
NH 03561                 GRAFTON

b. EI = 04-1680390

c. Y WAS AN EEO-1 REPORT FILED FOR THIS ESTABLISHMENT LAST YEAR?

## SECTION C - TEST FOR FILING REQUIREMENT

1 - Y   2 - N   3 - Y     DUNS NO.: 1090620

## SECTION E - ESTABLISHMENT INFORMATION

1. 3291 ABRASIVE PRODUCTS

2. NAICS: 327910 ABRASIVE PRODUCT MANUFACTURING

## SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | TOTAL B-K | MALE | | | | | | FEMALE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (B) | (C) | (D) | (E) | (F) | (G) | (H) | (I) | (J) | (K) |
| OFFICIALS AND MANAGERS ...... (1) | 7 | 6 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| PROFESSIONALS ............... (2) | 2 | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TECHNICIANS ................. (3) | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SALES WORKERS ............... (4) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL ......... (5) | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) ..... (6) | 3 | 1 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) ... (7) | 43 | 36 | 0 | 0 | 0 | 0 | 7 | 0 | 0 | 0 | 0 |
| LABORERS (UNSKILLED) ........ (8) | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS ............. (9) | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 |
| TOTAL .......................(10) | 63 | 51 | 0 | 0 | 0 | 1 | 12 | 0 | 0 | 0 | 0 |
| PREVIOUS REPORT TOTAL .......(11) | 88 | 73 | 0 | 0 | 0 | 1 | 14 | 0 | 0 | 0 | 0 |

* OTHER QUESTIONS *

1 - 08/01/1999 THRU 08/31/1999 DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

* SECTION - F REMARKS *

NORTON COPIKE DIV
7177024 7177024

DEF01035

CO = 1150418
U = 1150418
SIC = 3291

EQUAL EMPLOYMENT OPPORTUNITY
2000 EMPLOYER INFORMATION REPORT EEO-1

HEADQUARTERS REPORT - TYPE 3

PAGE 2

SECTION B - COMPANY IDENTIFICATION

1. ) NORTON CO
NORTON CO
1 NEW BOND ST
WORCESTER
MA 01606

2.a. NORTON CO
1 NEW BOND ST
WORCESTER
MA 01606

WORCESTER

b. EI = 00-1126234

c. Y (WAS AN EEO-1 REPORT FILED FOR THIS ESTABLISHMENT LAST YEAR)

SECTION C - TEST FOR FILING REQUIREMENT
1 - Y  2 - Y  3 - Y  DUNS NO.: 1126234

SECTION E - ESTABLISHMENT INFORMATION
1. 3291 ABRASIVE PRODUCTS
2. NAICS: 327910 ABRASIVE PRODUCT MFG

SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | | TOTAL B-K | (B) | MALE (C) | (D) | (E) | (F) | (G) | FEMALE (H) | (I) | (J) | (K) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OFFICIALS AND MANAGERS | (1) | 169 | 138 | 0 | 1 | 5 | 0 | 25 | 0 | 0 | 0 | 0 |
| PROFESSIONALS | (2) | 307 | 192 | 1 | 2 | 5 | 1 | 98 | 2 | 1 | 5 | 0 |
| TECHNICIANS | (3) | 70 | 66 | 1 | 0 | 0 | 0 | 3 | 0 | 0 | 0 | 0 |
| SALES WORKERS | (4) | 101 | 89 | 1 | 0 | 0 | 0 | 11 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | (5) | 126 | 41 | 0 | 1 | 0 | 0 | 80 | 1 | 3 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | (6) | 216 | 205 | 2 | 5 | 1 | 0 | 3 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | (7) | 693 | 570 | 57 | 33 | 6 | 0 | 24 | 1 | 2 | 0 | 0 |
| LABORERS (UNSKILLED) | (8) | 8 | 4 | 0 | 0 | 0 | 2 | 2 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS | (9) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | (10) | 1690 | 1305 | 62 | 42 | 17 | 3 | 246 | 4 | 6 | 5 | 0 |
| PREVIOUS REPORT TOTAL | (11) | 1712 | 1347 | 44 | 46 | 17 | 3 | 239 | 3 | 6 | 7 | 0 |

* OTHER QUESTIONS *

1 - 08/01/2000 THRU 08/31/2000(DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

* SECTION - F REMARKS *

NORTON CO
*1150418 3*
*1150418 3*
1150418 3 1150418

DEF01036

EQUAL EMPLOYMENT OPPORTUNITY
2000 EMPLOYER INFORMATION REPORT EEO-1

PAGE 3

UNIT REPORT - TYPE 4

CO = 1150418
U = 7177024
SIC = 3291

SECTION B - COMPANY IDENTIFICATION

1. 1 NEW BOND ST
WORCESTER
MA 01606

2.a. NORTON COPIKE DIV
HIGHLAND AVE
LITTLETON
NH 03561

GRAFTON

b. EI = 00-1090620

c. Y (WAS AN EEO-1 REPORT FILED FOR THIS ESTABLISHMENT LAST YEAR)

SECTION C - TEST FOR FILING REQUIREMENT
1 - Y  2 - Y  3 - Y  DUNS NO.: 1090620

SECTION E - ESTABLISHMENT INFORMATION
1. 3291 ABRASIVE PRODUCTS
2. NAICS: 327910 ABRASIVE PRODUCT MFG

SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | TOTAL B-K (A) | MALE | | | | | FEMALE | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (B) | (C) | (D) | (E) | (F) | (G) | (H) | (I) | (J) | (K) |
| OFFICIALS AND MANAGERS ...... (1) | 8 | 7 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| PROFESSIONALS ............... (2) | 2 | 1 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| TECHNICIANS ................. (3) | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SALES WORKERS ............... (4) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL ......... (5) | 3 | 1 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) ..... (6) | 4 | 4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) ... (7) | 41 | 35 | 0 | 0 | 0 | 0 | 6 | 0 | 0 | 0 | 0 |
| LABORERS (UNSKILLED) ........ (8) | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS ............. (9) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL ...................... (10) | 62 | 51 | 0 | 0 | 0 | 0 | 11 | 0 | 0 | 0 | 0 |
| PREVIOUS REPORT TOTAL ...... (11) | 63 | 51 | 0 | 0 | 0 | 0 | 12 | 0 | 0 | 0 | 0 |

* OTHER QUESTIONS *

1 - 08/01/2000 THRU 08/31/2000 (DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

* SECTION - F REMARKS *

NORTON COPIKE DIV
* 7117702444 *
* 7117702444 *
7177024 4 7177024

EQUAL EMPLOYMENT OPPORTUNITY
2001 EMPLOYER INFORMATION REPORT EEO-1

HEADQUATERS REPORT - TYPE 3

PAGE 2

CO = 1150418
U = 1150418
SIC = 3291

**SECTION B - COMPANY IDENTIFICATION**

1. 1 NEW BOND ST
   SAINT GOBAIN ABRASIVES INC
   WORCESTER
   MA 01606

2.a. SAINT GOBAIN ABRASIVES INC
   1 NEW BOND ST
   WORCESTER
   MA 01615                    WORCESTER

   b. EI = 00-1126234

   c. Y (WAS AN EEO-1 REPORT FILED FOR
   THIS ESTABLISHMENT LAST YEAR?)

**SECTION C - TEST FOR FILING REQUIREMENT**
1 - Y  2 - Y  3 - Y  DUNS NO.: 1126234

**SECTION E - ESTABLISHMENT INFORMATION**
I. 3291 ABRASIVE PRODUCTS

2. NAICS: 327910 ABRASIVE PRODUCT MFG

**SECTION D - EMPLOYMENT DATA**

| JOB CATEGORIES | | TOTAL B-K | \*\*\*\*\*\*\*\*\*\* MALE \*\*\*\*\*\*\*\*\* | | | | | | \*\*\*\*\*\*\*\*\* FEMALE \*\*\*\*\*\*\*\*\* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | (B) | (C) | (D) | (E) | (F) | (H) | (I) | (J) | (K) |
| OFFICIALS AND MANAGERS | (1) | 159 | 125 | 0 | 1 | 5 | 0 | 28 | 0 | 0 | 0 |
| PROFESSIONALS | (2) | 297 | 189 | 1 | 2 | 5 | 2 | 93 | 1 | 4 | 0 |
| TECHNICIANS | (3) | 62 | 58 | 1 | 0 | 0 | 0 | 3 | 0 | 0 | 0 |
| SALES WORKERS | (4) | 104 | 93 | 1 | 0 | 0 | 0 | 10 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | (5) | 110 | 36 | 0 | 1 | 0 | 0 | 71 | 1 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | (6) | 174 | 166 | 0 | 5 | 1 | 0 | 1 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | (7) | 644 | 525 | 59 | 31 | 6 | 0 | 20 | 2 | 0 | 0 |
| LABORERS (UNSKILLED) | (8) | 4 | 2 | 0 | 0 | 0 | 2 | 1 | 0 | 0 | 0 |
| SERVICE WORKERS | (9) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | (10) | 1554 | 1194 | 63 | 40 | 17 | 4 | 226 | 2 | 4 | 0 |
| PREVIOUS REPORT TOTAL | (11) | 1712 | 1347 | 44 | 46 | 17 | 3 | 239 | 3 | 6 | 7 |

\*A3.29 07/07/2002

**SECTION - F REMARKS**

\* OTHER QUESTIONS \*

1 - 08/01/2001 THRU 08/31/2001(DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

SAINT GOBAIN ABRASIVES INC

1150418 3 1150418

DEF01038

CO = 1150418
U = 7177024
SIC = 3291

EQUAL EMPLOYMENT OPPORTUNITY
2001 EMPLOYER INFORMATION REPORT EEO-1

PAGE 3

SECTION B - COMPANY IDENTIFICATION

1. SAINT GOBAIN ABRASIVES INC
1 NEW BOND ST
WORCESTER
MA 01606

2.a. SAINT GOBAIN ABRASIVES INC
HIGHLAND AVE
LITTLETON
NH 03561

UNIT REPORT - TYPE 4

GRAFTON

b. EI = 00-1090620

c. Y (WAS AN EEO-1 REPORT FILED FOR THIS ESTABLISHMENT LAST YEAR)

SECTION C - TEST FOR FILING REQUIREMENT
1 - Y   2 - Y   3 - Y   DUNS NO.: 1090620

SECTION E - ESTABLISHMENT INFORMATION
1. 3291 ABRASIVE PRODUCTS
2. NAICS: 327910 ABRASIVE PRODUCT MFG

SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | | TOTAL B-K | ** MALE ** | | | | | | ** FEMALE ** | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | (B) | (C) | (D) | (E) | (F) | (G) | (H) | (I) | (J) | (K) |
| OFFICIALS AND MANAGERS | (1) | 8 | 7 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| PROFESSIONALS | (2) | 2 | 1 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| TECHNICIANS | (3) | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SALES WORKERS | (4) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | (5) | 3 | 1 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | (6) | 5 | 4 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | (7) | 37 | 31 | 0 | 0 | 0 | 0 | 6 | 0 | 0 | 0 | 0 |
| LABORERS (UNSKILLED) | (8) | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS | (9) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | (10) | 63 | 51 | 0 | 0 | 0 | 1 | 11 | 0 | 0 | 0 | 0 |
| PREVIOUS REPORT TOTAL | (11) | 59 | 47 | 0 | 0 | 0 | 1 | 12 | 0 | 0 | 0 | 0 |

* OTHER QUESTIONS *

1 - 08/01/2001 THRU 08/31/2001 (DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

* SECTION - F REMARKS *

SAINT GOBAIN ABRASIVES INC
7177024 4 7177024

EQUAL EMPLOYMENT OPPORTUNITY
2002 EMPLOYER INFORMATION REPORT EEO-1

HEADQUATERS REPORT - TYPE 3

PAGE 2

CO = 1150418
U = 1150418
SIC = 3291

SECTION B - COMPANY IDENTIFICATION

1 - 1 NEW BOND ST

SAINT GOBAIN ABRASIVES INC

WORCESTER
MA 01606

2.a.  SAINT GOBAIN ABRASIVES INC
1 NEW BOND ST

WORCESTER
MA 01606                          WORCESTER

b. EI = 00-1126234

SECTION C - TEST FOR FILING REQUIREMENT

1 - Y   2 - Y   3 - N DUNS NO.: 1126234

SECTION E - ESTABLISHMENT INFORMATION
1. 3291 ABRASIVE PRODUCTS

2. NAICS: 3279I0 ABRASIVE PRODUCT MFG

c. Y (WAS AN EEO-1 REPORT FILED FOR
THIS ESTABLISHMENT LAST YEAR)

SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | | TOTAL B-K | * * * * * * * * * * * * * MALE * * * * * * * * * * * * * | | | | | | * * * * * * * * * FEMALE * * * * * * * * * | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (A) | (B) | (C) | (D) | (E) | (F) | (G) | (H) | (I) | (J) | (K) |
| OFFICIALS AND MANAGERS | (1) | 172 | 131 | 0 | 0 | 6 | 0 | 35 | 0 | 0 | 0 | 0 |
| PROFESSIONALS | (2) | 287 | 175 | 1 | 2 | 7 | 2 | 96 | 0 | 1 | 3 | 0 |
| TECHNICIANS | (3) | 63 | 59 | 1 | 0 | 0 | 0 | 3 | 0 | 0 | 0 | 0 |
| SALES WORKERS | (4) | 220 | 196 | 2 | 2 | 0 | 0 | 17 | 1 | 0 | 2 | 0 |
| OFFICE AND CLERICAL | (5) | 95 | 29 | 0 | 1 | 0 | 0 | 64 | 1 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | (6) | 159 | 152 | 1 | 4 | 1 | 1 | 1 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | (7) | 617 | 503 | 54 | 31 | 6 | 1 | 19 | 1 | 2 | 0 | 0 |
| LABORERS (UNSKILLED) | (8) | 3 | 3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS | (9) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | (10) | 1616 | 1248 | 59 | 40 | 20 | 4 | 235 | 3 | 3 | 5 | 0 |
| PREVIOUS REPORT TOTAL | (11) | 1554 | 1194 | 63 | 40 | 17 | 4 | 226 | 2 | 4 | 4 | 0 |

* OTHER QUESTIONS *

1 - 08/01/2002 THRU 08/31/2002(DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

* SECTION – F REMARKS*

Records for outside sales employees were inadvertently omitted on the 2001 EEO-1 report. The 2002 EEO-1 report include these records.

SAINT GOBAIN ABRASIVES INC

1150418 3 1150418

SAINT GOBAIN ABRASIVES INC

EQUAL EMPLOYMENT OPPORTUNITY
2002 EMPLOYER INFORMATION REPORT EEO-1

PAGE 3

UNIT REPORT - TYPE 4

CO = 11504IB
U= 7177024
SIC= 3291

## SECTION B - COMPANY IDENTIFICATION

1. SAINT GOBAIN ABRASIVES INC
1 NEW BOND ST
WORCESTER
MA 01606

2.a. SAINT GOBAIN ABRASIVES INC
HIGHLAND AVE
LITTLETON
NH 03561                    GRAFTON

b. EI = 00-1090620

c. Y (WAS AN EEO-1 REPORT FILED FOR THIS ESTABLISHMENT LAST YEAR?)

## SECTION C - TEST FOR FILING REQUIREMENT
1 - Y   2 - Y   3 - N   DUNS NO.: 1090620

## SECTION E - ESTABLISHMENT INFORMATION
1. 3291 ABRASIVE PRODUCTS

2. NAICS: 327910 ABRASIVE PRODUCT MFG

## SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | TOTAL B-K | MALE | | | | | | FEMALE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (B) | (C) | (D) | (E) | (F) | (G) | (H) | (I) | (J) | (K) |
| OFFICIALS AND MANAGERS ......... (1) | 7 | 6 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| PROFESSIONALS .................. (2) | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| TECHNICIANS .................... (3) | 2 | 1 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SALES WORKERS .................. (4) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL ............ (5) | 3 | 1 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) ........ (6) | 5 | 5 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) ...... (7) | 35 | 29 | 0 | 0 | 0 | 0 | 6 | 0 | 0 | 0 | 0 |
| LABORERS (UNSKILLED) ........... (8) | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS ................ (9) | 1 | 1 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 |
| TOTAL ......................... (10) | 59 | 47 | 0 | 0 | 0 | 1 | 11 | 0 | 0 | 0 | 0 |
| PREVIOUS REPORT TOTAL ......... (11) | 56 | 44 | 0 | 0 | 0 | 0 | 11 | 0 | 0 | 0 | 0 |

* SECTION - F REMARKS *

* OTHER QUESTIONS *

1 - 08/01/2002 THRU 08/31/2002 (DATE(S) OF PAYROLL PERIOD USED)

2 - N (DOES THIS ESTABLISHMENT EMPLOY APPRENTICES?)

SAINT GOBAIN ABRASIVES INC
7177024 4 7177024
7177024

DEF01041

CO= 1150418
U= 1150418

EQUAL EMPLOYMENT OPPORTUNITY
2003 EMPLOYER INFORMATION REPORT

HEADQUARTERS REPORT - TYPE 3

SECTION B - COMPANY IDENTIFICATION
1. SAINT GOBAIN ABRASIVES INC
1 NEW BOND ST
WORCESTER, MA 01606

2.a. SAINT GOBAIN ABRASIVES INC
1 NEW BOND ST
WORCESTER, MA 01606

c. Y

WORCESTER COUNTY

SECTION C - TEST FOR FILING REQUIREMENT
1-Y 2-N 3-N DUNS NO.:001126234

SECTION E - ESTABLISHMENT INFORMATION
NAICS: 327910 Abrasive Product Manufacturing

SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | OVERALL TOTALS | * * * * * * * MALE * * * * * * * | | | | | * * * * * * * FEMALE * * * * * * * | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE |
| OFFICIALS AND MANAGERS | 149 | 114 | 0 | 0 | 6 | 0 | 29 | 0 | 0 | 0 | 0 |
| PROFESSIONALS | 262 | 156 | 1 | 2 | 5 | 2 | 92 | 0 | 1 | 3 | 0 |
| TECHNICIANS | 59 | 53 | 1 | 0 | 0 | 0 | 5 | 0 | 0 | 0 | 0 |
| SALES WORKERS | 189 | 172 | 1 | 2 | 0 | 0 | 14 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | 83 | 26 | 0 | 0 | 0 | 0 | 56 | 1 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | 151 | 145 | 1 | 4 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | 597 | 490 | 54 | 26 | 7 | 0 | 17 | 1 | 2 | 0 | 0 |
| LABORERS | 2 | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 1492 | 1158 | 58 | 34 | 18 | 2 | 214 | 2 | 3 | 3 | 0 |
| PREVIOUS REPORT TOTAL | 1616 | 1248 | 59 | 40 | 20 | 3 | 235 | 3 | 3 | 5 | 0 |

SECTION F - REMARKS

DEF01042

CO= 1150418
U= 7177024

EQUAL EMPLOYMENT OPPORTUNITY
2003 EMPLOYER INFORMATION REPORT

INDIVIDUAL ESTABLISHMENT REPORT - TYPE 4

**SECTION B - COMPANY IDENTIFICATION**
1. SAINT GOBAIN ABRASIVES INC
   1 NEW BOND ST
   WORCESTER, MA 01606

2.a  SAINT GOBAIN ABRASIVES INC
     HIGHLAND AVE
     LITTLETON, NH 03561

     GRAFTON COUNTY

c. Y

**SECTION C - TEST FOR FILING REQUIREMENT**
1-Y 2-N 3-N  DUNS NO.:001090520

**SECTION E - ESTABLISHMENT INFORMATION**
NAICS: 327910 Abrasive Product Manufacturing

**SECTION D - EMPLOYMENT DATA**

| JOB CATEGORIES | OVERALL TOTALS | MALE WHITE (NOT OF HISPANIC ORIGIN) | MALE BLACK (NOT OF HISPANIC ORIGIN) | MALE HISPANIC | MALE ASIAN OR PACIFIC ISLANDER | MALE AMERICAN INDIAN OR ALASKAN NATIVE | FEMALE WHITE (NOT OF HISPANIC ORIGIN) | FEMALE BLACK (NOT OF HISPANIC ORIGIN) | FEMALE HISPANIC | FEMALE ASIAN OR PACIFIC ISLANDER | FEMALE AMERICAN INDIAN OR ALASKAN NATIVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OFFICIALS AND MANAGERS | 8 | 7 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| PROFESSIONALS | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| TECHNICIANS | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| SALES WORKERS | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| OFFICE AND CLERICAL | 3 | 1 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 0 |
| CRAFT WORKERS (SKILLED) | 4 | 3 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 |
| OPERATIVES (SEMI-SKILLED) | 27 | 23 | 0 | 0 | 0 | 0 | 4 | 0 | 0 | 0 | 0 |
| LABORERS | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SERVICE WORKERS | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 49 | 39 | 0 | 0 | 0 | 1 | 9 | 0 | 0 | 0 | 0 |
| PREVIOUS REPORT TOTAL | 56 | 44 | 0 | 0 | 0 | 1 | 11 | 0 | 0 | 0 | 0 |

**SECTION F - REMARKS**

DEF01043

CO=115041
U=115041

**EQUAL EMPLOYMENT OPPORTUNITY**
**2004 EMPLOYER INFORMATION REPORT**
**HEADQUARTERS REPORT - TYPE 3**

**SECTION B - COMPANY IDENTIFICATION**

1. SAINT GOBAIN ABRASIVES INC
   1 NEW BOND ST
   WORCESTER, MA 01606

2.a. SAINT GOBAIN ABRASIVES INC
   1 NEW BOND ST
   WORCESTER, MA 01606
   WORCESTER COUNTY

c. Y

**SECTION C - TEST FOR FILING REQ.**
1-Y-2-N-3-N DUNS NO.:001126234
**SECTION E - ESTABLISHMENT INFO.**
NAICS: 327910 Abrasive Product Manufacturing

**SECTION D - EMPLOYMENT DATA**

NUMBER OF EMPLOYEES

| JOB CATEGORIES | OVERALL TOTALS | MALE | | | | | FEMALE | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE |
| Officials and Managers | 128 | 93 | 0 | 0 | 5 | 1 | 29 | 0 | 0 | 0 | 0 |
| Professionals | 218 | 130 | 1 | 3 | 3 | 0 | 78 | 0 | 1 | 3 | 0 |
| Technicians | 53 | 49 | 0 | 0 | 3 | 0 | 3 | 0 | 0 | 0 | 0 |
| Sales Workers | 150 | 138 | 0 | 2 | 0 | 0 | 10 | 0 | 0 | 0 | 0 |
| Office and Clerical | 75 | 27 | 0 | 0 | 0 | 0 | 46 | 0 | 0 | 1 | 0 |
| Craft Workers (Skilled) | 148 | 141 | 1 | 4 | 0 | 0 | 2 | 0 | 0 | 0 | 0 |
| Operatives (Semi-Skilled) | 529 | 420 | 54 | 23 | 7 | 2 | 22 | 1 | 2 | 0 | 0 |
| Laborers (Unskilled) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Service Workers | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 1301 | 998 | 57 | 31 | 15 | 1 | 190 | 2 | 3 | 4 | 0 |
| Total employment reported in previous EEO-1 report | 1492 | 1158 | 58 | 34 | 18 | 2 | 214 | 2 | 3 | 3 | 0 |

**SECTION F - REMARKS**

https://apps.eeoc.gov/eeo1/eeo1.jsp?p_appl=eeo1_html2&p_hdq_nbr=115041&p_year=2004&p_token=C7C8CB9BZ3&p_incl....     9/16/2004

DEF01044

CO=1I5018
U=717J7024

**EQUAL EMPLOYMENT OPPORTUNITY**
**2004 EMPLOYER INFORMATION REPORT - TYPE 8**

Page 1 of 4

## SECTION II - COMPANY IDENTIFICATION

1. SAINT GOBAIN ABRASIVES INC.
1 NEW BOND ST
WORCESTER, MA 01606

2.a. SAINT GOBAIN ABRASIVES INC
HIGHLAND AVE
LITTLETON, NH 03561
GRAFTON COUNTY

c. Y

## SECTION C - TEST FOR FILING REQ.

I-Y 2-N 3-N DUNS NO.:001000620
SECTION E - ESTABLISHMENT INFO.
NAICS: 327910 Abrasive Product Manufacturing

## SECTION D - EMPLOYMENT DATA

| JOB CATEGORIES | OVERALL TOTALS | MALE | | | | | FEMALE | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE | WHITE (NOT OF HISPANIC ORIGIN) | BLACK (NOT OF HISPANIC ORIGIN) | HISPANIC | ASIAN OR PACIFIC ISLANDER | AMERICAN INDIAN OR ALASKAN NATIVE |
| Officials and Managers | 6 | 5 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| Professionals | 2 | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Technicians | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| Sales Workers | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Office and Clerical | 3 | 1 | 0 | 0 | 0 | 1 | 2 | 0 | 0 | 0 | 0 |
| Craft Workers (Skilled) | 3 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| Operatives (Semi-Skilled) | 28 | 24 | 0 | 0 | 0 | 0 | 4 | 0 | 0 | 0 | 0 |
| Laborers (Unskilled) | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Service Workers | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 46 | 36 | 0 | 0 | 0 | 1 | 9 | 0 | 0 | 0 | 0 |
| Total employment reported in previous EEO-1 report | 49 | 39 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

## SECTION F - REMARKS

DEF01045

Bob Briddell Termination Meeting
7 February 2002 (1030 am)
Sheldon Zaklow's Office

Present:
Sheldon Zaklow
Sonya Simonian
Tom Oliver
Bob Briddell
Karl Tarasiak (Briddell co-worker/witness)

The purpose of this meeting was to explain to Bob Briddell that the investigation of relevant issues that led to his recent suspension (31 January 2002) has concluded and that his employment will be terminated.

When Bob arrived for our meeting he asked for a "union representative" to be in attendance. He asked for the "tall guy on the 3000-ton Rypl". I responded do you mean Karl? He said: "Yes". I called the shop floor and asked that Karl come down to Sheldon's office. When we entered the office I introduced Sonya to Bob and stated that Rick was out of town and that Sonya was sitting in for him.

I reviewed the issues of the suspension with Bob and concluded by stating that the investigation was over and the decision to terminate his employment was made.

Sonya then began to review benefits, pay and other pertinent issues dealing with separation. Bob interrupted and commented on how he has been singled out by supervision and other employees since the union drive began. He stated that up until 10 months ago he has never had any issues regarding his performance. He went on to say that others in the department do not get disciplined. After a few more comments stating that he will be taking this matter up with the UAW and the NAACP. Sonya went back to explaining the terms of separation with Bob. She told Bob that he had the right to appeal this decision to Steve Stockman. Bob asked for a phone number to set up an appointment with Steve, which Sonya provided along with Rick Zeena's extension.

We concluded the meeting and I escorted Bob to his car.

Thomas Oliver
General Supervisor
Plant 8 Mix and Mold