UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BRIDDELL : | CIVIL ACTION NO. |
| : | 04-40146 (FDS) |
| Plaintiff : | |
| : | |
| v. : | |
| SAINT GOBAIN ABRASIVES, INC. : | |
| Defendants : | |
| _____ : | September 19, 2005 |

### AFFIDAVIT OF MARY E. KELLY

I, Mary E. Kelly being duly sworn, do aver as follows:

1. I am over 18 years of age and I understand the meaning of an oath.

2. I represent the Plaintiff in this matter.

3. I have discussed the various discovery objections at length with Defendant's Counsel David Kerman and Amanda Rosenfeld. We have resolved most of the disputes. However, despite our good faith efforts we were unable to resolve the issues addressed in the motion to compel.

4. The Defendant has agreed to produce disciplinary records relating to safety issues, including heavy pans, failure to sign MO's, failure to use the CONCAM system, and contamination of a mix for 2001 and 2002, limited to the Bonded Abrasives department in which the Plaintiff worked.

5. The Defendant has indicated that it has no documents showing that any employees, other than the Plaintiff, were disciplined in 2001 or 2002 for failing to use the CONCAM system or for contaminating a mix, and virtually no documents showing

safety violations, overweight mixes, or failure to sign MO's other than those initially produced during the administrative proceedings.

6. I have sought discovery of all race discrimination retaliation complaints and the documents showing the investigations of such complaints between January 1999 and January 2004. Defendant's counsel has explained that there is no reasonable way to identify all complaints of race discrimination or retaliation because documents involving discrimination complaints are not kept separately from complaints involving other employment issues. The Defendant has indicated that it has produced all complaints concerning racial harassment or retaliation filed in Court or with the EEOC or MCAD between January 1999 and January 2004 as limited to the Bonded Abrasives Division.

7. In the absence of clear written records of the Defendant's response to informal discrimination complaints, I decided to take the deposition of the head of human resources to determine the basis for the Defendant's affirmative defense that it made good faith efforts to comply with its obligations under the federal anti-discrimination statutes.

8. During the course of deposing Baker and other fact witnesses, it became apparent to me that these witnesses did not recall the details of the treatment of similarly situated employees. The testimony of the witnesses also contradicted each other, the Defendant's written policies and the Defendant's EEOC papers on several critical points- particularly with respect to the Defendant's purportedly non-discriminatory policies and practices.

9. In addition, there were clearly relevant facts known to the Defendant which had been communicated to witnesses by counsel. Counsel objected to my asking the witnesses about these facts. Counsel pointed out that the while the facts themselves might not be privileged, the communications were. I realized that in order to find out all of the critical facts known to the Defendant I would have to take the depositions of more than a dozen current and former supervisors and managers.

10. Given this, and given the contradictory testimony, and the lack of knowledge and/or recollection by fact witnesses with respect to critical information about the application of Defendant's policies and practices, the discipline of similarly situated employees, the existence and investigation of any claims of discrimination, and the Defendant's claimed good faith attempts to comply with federal anti-discrimination law, I decided that the most efficient way to discover all of the relevant information was to take the Defendant's deposition pursuant to FRCP 30(b)(6).

11. I had discussed the possibility of taking as such a deposition with Defendant's counsel several times in late June and early July. On July 7, 2005, I noticed the Defendant's deposition pursuant to FRCP 30(b)(6), to take place on July 19th.

12. The only depositions completed prior to this notice going out were the depositions of Michael Tivnan and Dennis Baker.

13. I also sent Defendant's counsel a letter indicating that I would be willing to work with the Defendant in order to narrow issues, to select a more convenient date or to find more efficient ways to ensure that all relevant information was provided. For example, I suggested that I could accept contention interrogatory answers for certain

subjects. I also stated that to the extent an issue had already been covered in the deposition of a fact witness and the Defendant intended to adopt that version of events as its own, I would be satisfied if the Defendant stipulated that it was adopting that testimony.

14. On or about July 11th, the parties agreed to take fact witness, Thomas Oliver's deposition on July 19th. The parties also agreed that, to the extent that the Defendant wished to have Oliver testify as a FRCP 30(b)(6) witness, the Plaintiff would depose him on that same date to avoid having to recall the witness. Defendant's counsel agreed to identify the areas, if any, that Oliver would be testifying about as a FRCP 30(b)(6) witness by July 15th.

15. On July 15, 2005, Defendant's counsel sent a fax indicating that Oliver would be responding as to topics 7, 8, 9, and 10, and that the Defendant would be providing the other FRCP 30(b)(6) designations and any objections by July 18th. (Ex. K) On July 16th, I had a telephone conversation with Attorney Kerman to discuss any objections to the scope of the FRCP 30(b)(6) deposition relating to Oliver so that the parties could try to resolve the objections prior to beginning the deposition on the 19th. The only objection made by Defendant's counsel with respect to topics 7, 8, 9, and 10 during that conversation was his contention that the topic should be limited to the Bonded Abrasives Division.

16. After the close of business on the 18th, the Defendant served objections to the scope of the FRCP 30(b)(6) deposition. Because I had already left for the day, I did not receive the objections until after we had begun the deposition on the 19th.

4

17. We discussed the objections at some length during the FRCP 30(b)(6) deposition of Mr. Oliver but were unable to resolve the issues. During the deposition, Attorney Kerman reserved his right to file objections to the Schedule A requests within 30 days of service of the notice as permitted under FRCP 34.

18. However, the Defendant did not file objections to the Schedule A within 30 days. Objection were filed on August 26, 2005. Discovery had been extended through October 7, 2005 at the time that the Defendant filed its objections.

19. On September 7, 2005, the Defendant filed an Amended and Supplemental set of Objections and Responses.

20. The Defendant has claimed that the Plaintiff has exceeded the number of requests for production of documents permitted by Local Rule 26.1. However, the Plaintiff has served one only set of requests for production of documents as to the Defendant pursuant to FRCP 34, and one Schedule A as to the Defendant pursuant to FRCP 34. The other Schedule A requests pursuant to FRCP 30 were directed at non-party witnesses.

21. The Defendant in this case has served five requests for production of documents on non-party witnesses, in addition to the Requests for Production of Documents served on the Plaintiff.

22. I have discussed the Defendant's objections to the FRCP 30(b)(6) deposition and schedule A requests with Attorney Kerman at some length in an attempt to resolve the disputes. I have offered to limit the requests to the Bonded Abrasives Division where the Plaintiff was employed, and have signed a protective

order, agreeing to keep the disciplinary and personnel information of non-party witnesses confidential. We have negotiated agreements as to many of the issues. For example, the Defendant has agreed to ask any supervisors, officers or human resource personnel about any complaints that they received between January 1999 and January 2004 in the Bonded Abrasives Division where such supervisors, officers or human resource personnel believed that the employee was making a complaint of race discrimination, racial harassment or retaliation, and has agreed to produce any available internal documents related to such identified complaints. Such documents have not yet been produced.

23. During our many discussions, Defendant's counsel has not identified any harm to the rights of non-party witnesses which would not be addressed by the protective order which we have signed.

24. The Defendant contends that it will have to review hundreds of files in order to identify the responsive records with respect to schedule A requests 7, 8, 9, and 10. This, could arguably be burdensome. However, I have offered to review the records personally- either on -site or in a neutral location, and have agreed to treat all information as protected under the agreed-upon signed protective order.

25. With respect to FRCP 30(b)(6) Topic 2, the Defendant has agreed to ask any supervisors, officers or human resource personnel about any complaints that they received between January 1999 and January 2004 in the Bonded Abrasives Division where such supervisors, officers or human resource personnel believed that the employee was making a complaint of race discrimination, racial harassment or retaliation, and has agreed to produce any available internal documents related to such

identified complaints. However, the Defendant has objected to producing a witness to answer questions about any complaints or investigations between January and March 2000. The Defendant has explained that the witness that the Defendant would prefer to use to address this topic was not employed by the Defendant in the Bonded and Abrasives Division until March 2000, and that the Defendant will therefore have to educate this witness.

26. With respect to FRCP 30(b)(6) Topic 3, the Defendant seeks to limit the time period to the period between March 2000 and February 6, 2002. In discussion about its objections, the Defendant has explained that the Plaintiff had the opportunity to question certain fact witnesses prior to noticing this deposition. However, the only depositions completed before the FRCP 30(b)(6) deposition were Michael Tivnan and Dennis Baker. Neither had detailed personal knowledge of the Defendant's good faith efforts during this period.

27. With respect to Topics 7, 8, 9, and 10, the Plaintiff seeks to have the Defendant produce a witness prepared to answer questions as to its discipline of other employees in the Bonded Abrasives department between January 1999 and January 2004 for contaminating mixes, failing to sign an MO, failing to use the CONCAM system, and creating heavy mixes or other safety violations. The Defendant seeks to limit the request to the period of July 2001-January 2003 for the Mix and Mold department, and March 2001- January 2003 for all other departments within the Bonded Abrasives Division. The Defendant also seeks to limit the records of safety violations to safety violations involving heavy mixes. Defendant's counsel has not articulated any specific burden.

28. With respect to FRCP 30(b)(6) Topic 11, the Defendant has agreed to produce the disciplinary records and evaluations of certain identified employees in the Bonded Abrasives Division. However, to date not all of these records have been produced. In the interests of reducing any unnecessary burden, I have explained to Defendant's counsel that I am willing to consider limiting the documents and/or persons about whom I will ask questions once I have received all of the documents.

I have read the foregoing Affidavit and I swear that it is true and correct to the best of my knowledge and belief.

_____
Mary E. Kelly

Subscribed and sworn to before me on this _16_ day of September 2005.

_____
Commissioner of the Superior Court