

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
Tel 617 367-0025
Fax 617 367-2155
www.jacksonlewis.com

ATLANTA, GA    LOS ANGELES, CA    RALEIGH-DURHAM, NC
BOSTON, MA    MIAMI, FL    SACRAMENTO, CA
CHICAGO, IL    MINNEAPOLIS, MN    SAN FRANCISCO, CA
DALLAS, TX    MORRISTOWN, NJ    SEATTLE, WA
GREENVILLE, SC    NEW YORK, NY    STAMFORD, CT
HARTFORD, CT    ORLANDO, FL    WASHINGTON, DC REGION
LONG ISLAND, NY    PITTSBURGH, PA    WHITE PLAINS, NY

EXHIBIT L

July 18, 2005

<u>**VIA TELECOPIER**</u>

Mary E. Kelly, Esquire
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

        Re:    Briddell v. Saint-Gobain Abrasives
               U.S. D.C. No.: 04-40146

Dear Ms. Kelly:

     I am responding to Plaintiff's Rule 30(b)(6) deposition notice in order to set forth Defendant's designations and objections. In response to the numbered items set forth in Plaintiff's deposition notice, Defendant states as follows:

     1.    Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is vague, requires Defendant to improperly speculate as to Plaintiff's state of mind, and also improperly assumes that Plaintiff articulated specific and concrete concerns regarding various matters. Without waiving these objections, Defendant designates Thomas Oliver for 1(1), Mary Fitzgerald for 1(2) and Richard Zeena for 1(3) – (5). Defendant further states that Plaintiff had the opportunity to depose Steven Stockman regarding several of these matters.

     2.    Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Mary Fitzgerald for the alleged racist comment made by David Aubin, and designates Richard Zeena for complaints of race discrimination, racial harassment or retaliation. Defendant further states that Plaintiff previously had the opportunity to depose Dennis Baker on the investigation of a doll hung on the Union information board.

Jackson Lewis
Attorneys at Law
Case 4:04-cv-40146-FDS    Document 25-13    Filed 09/19/2005    Page 2 of 3

Mary E. Kelly
July 18, 2005
Page 2

3. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Richard Zeena on these matters.

4. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Richard Zeena on these matters.

5. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks testimony regarding a matter that is not within the knowledge of Defendant's employees.

6. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Richard Zeena on these matters.

7. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Thomas Oliver on these matters.

8. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Thomas Oliver on these matters. Defendant further states that Plaintiff had the opportunity to depose Jeffrey Clark, William Tivnan and Michael Tivnan on these matters.

9. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Thomas Oliver on these matters.

10. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendant designates Thomas Oliver on these matters. Defendant further states that Plaintiff had the opportunity to depose Jeffrey Clark, William Tivnan and Michael Tivnan on these matters.

**jackson lewis**
Attorneys at Law

Mary E. Kelly
July 18, 2005
Page 3

      11.     Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is not material or relevant to this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks information that would constitute a substantial interference with the privacy rights of individuals who are not parties to this action.

      Consistent with the foregoing, please be advised that it is Defendant's position that it would be unreasonably cumulative or duplicative and unduly burdensome and oppressive to produce for an additional deposition any witnesses whom Plaintiff has previously deposed or had the opportunity to depose on the subject matters designated in the 30(b)(6) deposition notice. See, e.g., Fed. R. Civ. P. 26 (b)(2). In that regard, it should be noted that Plaintiff deposed a number of Defendant's employees *prior* to the 30(b)(6) deposition notice, and Plaintiff had ample information regarding their knowledge of many of the 30(b)(6) subject matters prior to conducting their examinations.

      Please contact me if you would like to further discuss Defendant's position on these items. Thank you for your attention to this matter.

Very truly yours,
JACKSON LEWIS LLP

David J. Kerman

DJK/cem
cc: Amanda S. Rosenfeld