## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

ROBERT BRIDDELL,

     Plaintiff,

v.

SAINT GOBAIN ABRASIVES, INC.,

     Defendant.

Civil Action No.: 04-40146-FDS

## AMENDED AND SUPPLEMENTAL RESPONSES OF DEFENDANT, SAINT-GOBAIN ABRASIVES, INC., TO SCHEDULE A OF PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION

Defendant, Saint-Gobain Abrasives, Inc. ("Saint-Gobain" or "Defendant") hereby submits its Amended and Supplemental Responses[1] to Schedule A of Plaintiff's 30(b)(6) Notice of Deposition (the "Requests") as follows:

### GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each of Saint-Gobain's Specific Responses to Schedule A of the 30(b)(6) Notice of Deposition.

1.     Saint-Gobain objects to the Requests to the extent they demand production of documents in violation of Local Rule 26.1(C), which provides that each side is limited to two separate sets of requests for production. The Requests represent Plaintiff's approximate eleventh set of requests for production; Plaintiff previously served Plaintiff's First Set of Requests for Production as well as individual requests for production on Rick Zeena, Dennis Baker, Jeff Clark, Bill Tivnan, Tom Oliver, Jeff Clark, Sheldon Zaklow, Steve Stockman, and Mary Fitzgerald in

---

[1] These Amended and Supplemental Responses supersede and replace the Responses of Defendant, Saint-Gobain Abrasives, Inc., to Schedule A of Plaintiff's 30(b)(6) Notice of Deposition served on August 26, 2005.

connection with their depositions. Accordingly, Plaintiff has already exceeded the number of sets of requests for production allowed by Local Rule 26.1(C).

2.      Saint-Gobain objects to the Requests on the grounds that they were served beyond the permissible date under the applicable deadline set forth in the Court's Scheduling Order. Plaintiff served the Requests on July 7, 2005, when only thirteen days remained in the discovery period, thereby failing to provide Defendant with the mandatory 30-day period for serving its responses, as set forth in Fed. R. Civ. P. 34(b).

3.      Saint-Gobain objects to the Request's definition of "Document." Saint-Gobain will define "Document" in accordance with Local Rule 26.5.

4.      Saint-Gobain undertakes to produce documents in response to Schedule A of the 30(b)(6) Notice of Deposition only to the extent required by, and Saint-Gobain objects to the Requests to the extent they exceed or conflict with, the Federal Rules of Civil Procedure.

5.      Saint-Gobain is providing this response and is producing documents pursuant thereto without waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality or admissibility of (i) the Requests or any part thereof, (ii) statements made in this response to the Requests or any part thereof, or (iii) any documents produced in accordance with this response.

6.      Saint-Gobain objects to the Requests to the extent they demand production of any document covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege. In the event any privileged document is produced by Saint-Gobain, its production is inadvertent and does not constitute a waiver of any privilege.

7.    The Specific Responses set forth below and the document production made pursuant thereto are based upon information now available to Saint-Gobain after having made a diligent search of files in its possession, custody, or control that reasonably relate to one or more of the specific requests contained in the Requests.  Saint-Gobain objects to the Requests to the extent they purport to demand production of documents not in Saint-Gobain's possession, custody or control, or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Requests.  Saint-Gobain will produce only documents that are in Saint-Gobain's possession, custody, or control.

8.    Except as otherwise expressly provided, the documents that Saint-Gobain undertakes to produce pursuant to this response will be produced as they are kept in the usual course of business.

9.    Saint-Gobain objects to the production of any documents falling within the General Objections set forth above.  In the event any document falling within such an objection is produced by Saint-Gobain, its production is inadvertent and does not constitute a waiver of the objection.  The following responses to the Requests each incorporate by reference, and are each subject to, the General Objections set forth hereinabove.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Any documents not already produced concerning the Defendants investigations and purported good faith efforts to address the Plaintiff's workplace concerns with respect to discrimination, retaliation and/or disparate treatment, including concerns that the Plaintiff raised about: (1) the initial denial of a promotion to a band 4 position; (2) concerns about a co-worker wearing a confederate flag bandanna; (3) concerns that the Defendant was practicing segregation; (4) concerns that there was discrimination with respect to promotional opportunities at Saint Gobain, including the lack of minorities in supervisory positions; and (5) concerns that the discipline that he was receiving in 2001 and early 2002 was discriminatory.  This would include information concerning who conducted the investigation, the date and substance of any communications, the standards used in investigating the complaints, and/or any documents

3

created or reviewed. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

## RESPONSE NO. 1

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving its objections, Saint-Gobain refers Plaintiff to its Responses Nos. 7, 32, and 33 to Plaintiff's Requests for Production and states it has no other responsive documents.

## REQUEST NO. 2

Any documents not already produced concerning the Defendants investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, including any response to or investigations of race discrimination, racial harassment or retaliation during the period of January 1999 through January 2004 at Defendant's Worcester facility, including any investigation of a racist comment made by Dave Aubin, any investigation of a doll hung on the Union informational board, and any other investigation into any complaints of race discrimination, racial harassment or retaliation. This would include information as to any complaints, and information concerning who conducted the investigation, the date and substance of any communications, the standards used in investigating the complaints, and/or any documents created or reviewed. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

## RESPONSE NO. 2

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain further objects to this request the ground that it constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without waiving these objections, Saint-Gobain refers Plaintiff to Bates-numbered documents DEF01047-1048 (previously produced) and states it will produce additional responsive documents provided that Plaintiff executes a mutually-satisfactory Stipulation and Order of Confidentiality. Further responding, Saint-Gobain

agrees to make inquiry of its supervisory and human resources personnel employed in the

Bonded Abrasives division between January 1999 and January 2004 to ascertain their

recollection of any internal complaints they received during the above-referenced period that

involved circumstances where they believed the employee was making a complaint of race

discrimination, racial harassment, or retaliation. Based upon the information derived from those

inquiries, Saint-Gobain will produce any available documents concerning the identified internal

complaints, including any investigations conducted in response to those internal complaints.

**REQUEST NO. 3**

Any documents not already produced concerning the Defendants investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, through its purportedly comprehensive, effective and well-publicized policies, including any action taken by the Defendant to ensure that these policies were actually followed with respect to promotions and with respect to discipline at the Worcester facility between January 1999 and the date of the Plaintiff's termination. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

**RESPONSE NO. 3**

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, and calls for the production of documents which are neither

relevant or material to this action, nor likely to lead to the discovery of admissible evidence.

Saint-Gobain further objects to this request the ground that it constitutes an unreasonable

interference with the privacy rights of individuals who are not parties to this action. Without

waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in

connection with the Initial Disclosures of Defendant and in response to Plaintiff's Requests for

Production, including DEF00430; DEF00525; DEF00555-556; DEF00557-562; DEF00615-635;

DEF01047-1048; DEF01049-1089; and DEF01090-1097; and states it will produce additional

responsive documents provided that Plaintiff executes a mutually-satisfactory Stipulation and Order of Confidentiality.

## REQUEST NO. 4

Any documents not already produced concerning the policies, procedures and/or practices surrounding race discrimination, racial harassment, and retaliation between 1/99 and the date of Plaintiff's termination, and any communications to employees at the Worcester facility about these policies, practices and procedures during that time period. The Plaintiff believes that such information is relevant and material to the motive of the Defendant and to the Defendant's affirmative defenses.

## RESPONSE NO. 4

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant and in response to Plaintiff's Requests for Production, and states that to the best of its knowledge it has no other responsive documents relating to applicable communications to employees in Plaintiff's division.

## REQUEST NO. 5

Any documents not already produced concerning the factual basis for any claim of failure to mitigate damages including any positions which the Defendant contends that the Plaintiff would have received had he conducted a diligent search for alternative employment. The Plaintiff believes that such information is relevant and material to the Defendant's affirmative defenses.

## RESPONSE NO. 5

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous and calls for the production of documents that are not within the Defendant's possession, custody, or control. Without waiving these objections, Defendant refers Plaintiff to the relevant portions of his deposition testimony and the documents he produced regarding his purported job search.

## REQUEST NO. 6

Any documents not already produced concerning the Defendant's policies, practices and procedures regarding discipline or termination of employees at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any procedures to be followed in order to ensure that discipline of such employees was uniformly applied without regard to race or history of having made discrimination complaints. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

## RESPONSE NO. 6

Saint-Gobain objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant and in response to Plaintiff's Requests for Production and states that to the best of its knowledge it has no other responsive documents relating to Plaintiff's division.

## REQUEST NO. 7

Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having created a contaminated mix at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such contaminated mixes, and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

## RESPONSE NO. 7

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence. Saint-Gobain further objects to this request the ground that it constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without waiving these objections, Saint-

Gobain refers Plaintiff to its Responses Nos. 36 and 38 to Plaintiff's Requests for Production and Supplemental Response No. 36.

## REQUEST NO. 8

Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having failed to sign an M.O. at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such failure and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

## RESPONSE NO. 8

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without waiving these objections, Saint-Gobain refers Plaintiff to documents previously produced in connection with the Initial Disclosures of Defendant. Further responding, Saint-Gobain refers Plaintiff to its Response Nos. 28 and 37 to Plaintiff's Requests for Production.

## REQUEST NO. 9

Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having failed to use the CON-CAM system at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to any documents showing such failure and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated as other, similarly situated employees.

## RESPONSE NO. 9

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without

waiving these objections, Saint-Gobain refers Plaintiff to its Response No. 31 to Plaintiff's Requests for Production.

## REQUEST NO. 10

Any documents not already produced concerning the Defendant's discipline of other employees, if any, for having heavy mixes or other safety violations at the Worcester facility between January 1, 1999 and January 1, 2004, including but not limited to information as to how and when mixes were weighed, any documents showing overweight mixes and the discipline or lack thereof for such conduct. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

## RESPONSE NO. 10

Saint-Gobain objects to this request the grounds that it is overbroad, unduly burdensome, calls for the production of documents which are neither relevant or material to this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. Without waiving these objections, Saint-Gobain refers Plaintiff to its Responses Nos. 14, 24, and 39 to Plaintiff's Requests for Production.

## REQUEST NO. 11

Any documents not already produced concerning the evaluations and disciplinary history of similarly situated employees identified in the Defendant's CHRO Answer of discovery responses: Kevin Reed, Frank Hanson, Jim Constantine, Tom Patnode, Ron Racca, Asare Agyeman, Russ Johnson, Larry Stidsen, Gary Egan, Kevin Moulton, Ray Bull, Joseph Wilson, Francis Zawalich, Steven Gelardi, Kenneth Acquah, Michael Thibault, Nana Asamoah, Daniel Appiah, Kevin Morrissey, James Ward, Ivan Vega, Dale Pope, Gifton Edwards, Mike Kimball, Pasquale Gaimani, Tom Carlo, Walter Ahl, David Aubin, Eric Baning, Nathan Benson, Jason Bullock, James Ciceno, Jesus Cruz, William Gambacini, James Geland, Marc Haynes, George Koduah, Chanle Morne Jr., Frederico Pires, and Richard Wade. The Plaintiff believes that such information is relevant and material to the determination of whether the Plaintiff was treated the same as other, similarly situated employees.

## RESPONSE NO. 11

Saint-Gobain objects to this request on the grounds that it is overbroad, unduly burdensome, and calls for the production of documents which are neither relevant or material to

this action, nor likely to lead to the discovery of admissible evidence, and constitutes an unreasonable interference with the privacy rights of individuals who are not parties to this action. To the best of Defendant's knowledge, no individual by the name of "Geland" was employed by Defendant. Without waiving these objections, Saint-Gobain will produce the evaluations and disciplinary documents requested to the extent they currently exist, provided that Plaintiff executes a mutually-satisfactory Stipulation and Order of Confidentiality.

Respectfully submitted,

SAINT-GOBAIN ABRASIVES, INC.,
By its attorneys,

David J. Kerman, BBO #269370
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: September 7, 2005

## CERTIFICATE OF SERVICE

A copy of the above document was served this 7th day of September 2005, by overnight mail, postage prepaid, to attorney for the Plaintiff, Mary E. Kelly, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly P.C., 557 Prospect Avenue, Hartford, CT 06105-2922.

Jackson Lewis LLP