UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT BRIDDELL,

    Plaintiff

v.

SAINT GOBAIN ABRASIVES, INC.,

    Defendant.

Civil Action No.: 04-40146

## DECLARATION OF RICHARD J. ZEENA

Richard J. Zeena, on oath, deposes and says as follows:

1. I am employed by Defendant Saint-Gobain Abrasives, Inc. as a Human Resources Manager in Defendant's Worcester, Massachusetts plant. I have worked in that capacity since my date of hire on March 3, 2000.

2. As the Human Resources Manager, I had responsibility over the Bonded Abrasives Division in which Plaintiff Robert Briddell worked. Based upon my position, I am familiar with the maintenance and contents of employee personnel files.

3. Throughout the period of my employment, the Bonded Abrasives business unit has employed approximately 600-800 employees at any given time. That was true at the time of Plaintiff's termination from employment in February, 2002.

4. I am aware that Plaintiff's counsel served a notice of taking Defendant's deposition which also asks for production of various documents. I understand that among other documents being requested by Plaintiff's counsel are documents generated during the period January, 1999 to January 1, 2004 relating to discipline of employees for creating contaminated mixes, failing to sign manufacturing orders (MOs), failing to use Defendant's CON-CAM system and for creating heavy pans and "other safety violations." I also understand that responsive

1

documents for calendar years 2000 and 2001 have already been produced. Defendant's disciplinary records are not maintained on any computer system. In order for the Human Resources Department to be able to identify all records of discipline in the requested areas for calendar years 1999, 2002 and 2003, it would be necessary to manually review between 600 - 800 employee files.

5. Based upon the time it has taken us to review various employee files to collect documents that have already been produced to Plaintiff's counsel, I estimate that it would take approximately 175-200 hours (or 22 - 25 full 8 hour work days) to review the 700-800 personnel files of all employees employed in the Bonded Abrasives unit during those time periods to gather the requested documents.

6. The personnel files over which I have responsibility contain more than just performance evaluations and records of discipline. Rather, they include numerous documents containing personal information about employees that the Company treats as confidential. For that reason, Saint-Gobain restricts access to those files to persons with a legitimate reason to have access.

7. Absent a manual review of our personnel files, it would be virtually impossible for me to know whether and to what extent an employee may have been disciplined or counseled about "safety violations of any kind." Safety violations encompass numerous types of offenses such as improper footwear, failure to wear long sleeve shirts, failure to wear safety glasses, smoking in unauthorized areas, driving a forklift too fast, etc. Such offenses are completely unrelated to the specific safety violation for which Plaintiff received counseling and discipline, i.e. the creation of mix pans that weighed more than 45 pounds.

Signed under the pains and penalties of perjury this 7th day of October, 2005.

_____
RICHARD J. ZEENA