UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BRIDDELL,<br><br>    Plaintiff<br><br>v.<br><br>SAINT GOBAIN ABRASIVES, INC.,<br><br>    Defendant. | Civil Action No.: 04-40146-FDS |

## MOTION OF DEFENDANT TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### Introduction

Defendant, Saint-Gobain Abrasives, Inc. (the "Company"), moves to strike portions of Plaintiff's affidavit proffered in support of his opposition to summary judgment to the extent that the affidavit contradicts or improperly embellishes Plaintiff's deposition testimony, and also contains inadmissible statements based on hearsay, speculation and opinion.

During Plaintiff's deposition, he was asked clear and appropriate questions and he had the opportunity to fully respond to those questions. However, in an affidavit signed days before Plaintiff filed his opposition to summary judgment, Plaintiff contradicted, altered and embellished many of the clear answers he gave at his deposition in a transparent attempt to create issues of fact. Nonetheless, it is well settled that a party cannot create issues of fact under Rule 56 by providing an affidavit that contradicts prior sworn testimony. In addition, pursuant to Fed. R. Civ. P. 56(e) Plaintiff cannot include in an affidavit statements that would be inadmissible if offered as evidence at trial.

### Relevant Facts Relating to Plaintiff's Contradictory, Improper And Inadmissible Affidavit Statements

The affidavit statements of Plaintiff that are the subject of this Motion to Strike are set forth below:

1. In his affidavit at <u>paragraph 5</u>, Plaintiff states that within a few years of Saint Gobain taking over, "all of the African American supervisors had left, and had been replaced by white employees."

**<u>Company's response:</u>** This assertion should be stricken, because Plaintiff has not demonstrated he has personal knowledge or a proper foundation for this statement.

2. In his affidavit at <u>paragraph 6</u>, Plaintiff states that "At no time after the defendant took over were African American or black employees promoted or hired into a supervisor positions [sic] in the Bonded Abrasives Division. I believe that this was the result of racial prejudice."

**<u>Company's response:</u>** These assertions should be stricken, because Plaintiff has not demonstrated that he has personal knowledge or a proper foundation for the first statement, and the second statement constitutes inadmissible opinion.

3. In his affidavit at <u>paragraph 7</u>, Plaintiff states that to his knowledge "white employees did not have to take such a [basic skill] test to receive a higher paid position, I complained that this was racist."

**<u>Company's response:</u>** This assertion should be stricken, because Plaintiff has not demonstrated that he has personal knowledge or a proper foundation for this statement about white employees. In addition, Plaintiff's statement that he "complained that this was racist" is inconsistent with his deposition testimony on this subject, in which Plaintiff does not contend that he made any such complaint. (Pl. Tr. I, pp. 30-37).[1]

4. In his affidavit at <u>paragraph 8</u>, Plaintiff states that he "complained about this [1998 incident involving the basic skills test] to Steven Stockman, the Vice President of Bonded Abrasives, North America, and Richard Zeena the Human Resources Manager for Bonded Abrasives."

---

[1] Copies of the relevant excerpts from Plaintiff's deposition cited in this motion are attached hereto as <u>Exhibit A</u>.

2

**Company's response:** This assertion should be stricken because it contradicts Plaintiff's deposition testimony, in which he never asserts he discussed this 1998 incident during any conversations with Mr. Zeena or Mr. Stockman (Pl. Tr. I, pp. 241-48, 250, 259-62). Additionally, it should be noted that Mr. Zeena did not even commence his employment with the Company until March of 2000 (Zeena Tr. I, p. 5-6).[2]

5. In his affidavit at <u>paragraph 11</u>, Plaintiff states that within a month of his complaints he "began to be disciplined for conduct which white employees and/or employees who had not complained of discrimination were not disciplined for."

**Company's response:** This assertion should be stricken because it is conclusory, and Plaintiff has not demonstrated that he has personal knowledge or a proper foundation for the statement.

6. In his affidavit at <u>paragraph 12</u>, Plaintiff states that "There are many things that could cause a pan to be heavy that would be out of my control as a mixer. For example, after the pans had been mixed and were waiting in a holding area another mixer, rescreener, or molder could add recycled mix to my pans. Pans could also be heavy in [sic] the mix scale was not programmed correctly or did not "team off". I believe that the defendant was aware of this when I was disciplined."

**Company's response:** These assertions should be stricken because they constitute impermissible speculation by Plaintiff. This speculation is particularly misleading because Plaintiff testified in his deposition that he is not contending that another employee did anything to cause his pans to be overweight (Pl. Tr. I, 174-75).

7. In his affidavit at <u>paragraph 14</u>, Plaintiff states that "if someone had signed [an MO] for me, the defendant would have had an MO with a supervisor's initials on it."

**Company's response:** This assertion should be stricken because it constitutes impermissible speculation.

8. In his affidavit at <u>paragraph 15</u>, Plaintiff states that at the time he was being disciplined, he reported that "other employees failed to sign MO's and failed to use the Con-Cam system but were not disciplined."

---

[2] A copy of this excerpt from Richard Zeena's deposition transcript is attached hereto as <u>Exhibit B</u>.

3

**Company's response:** Plaintiff's assertion that he reported that other employees failed to sign MO's but were not disciplined should be stricken, because it directly contradicts his deposition testimony in which he never made such an assertion (Pl. Tr. I, pp. 180-81, 193-96).

9. In his affidavit at paragraph 16, Plaintiff admits that he "forgot" to sign the two MO's that resulted in his suspension on October 9, 2001, but he further states that "I again explained that I was being treated differently than other employees who failed to sign MO's."

**Company's response:** Plaintiff's claim that he explained that he was "being treated differently than other employees who failed to sign MO's" should be stricken because it is directly inconsistent with his deposition testimony. When questioned about this incident, Plaintiff testified that he informed management that he had been rushing around and had forgotten to sign the two MO's. Plaintiff further testified that when he was disciplined for this incident, he apologized for what he had done and said that he was glad that he had not done anything worse (Pl. Tr. I, 194-96). Plaintiff made no assertion at his deposition that he raised any issue about being treated differently from white employees who failed to sign MO's.

10. In his affidavit at paragraph 18, Plaintiff states that when the Company accused him of making a 68 pound mix, "I denied this."

**Company's response:** This assertion should be stricken because it directly contradicts Plaintiff's deposition testimony, in which he testified that when he was questioned about the 68-pound mix, he did not deny making it (Pl. Tr. I, 201).

11. In his affidavit at paragraph 20, Plaintiff states that to the best of his knowledge the mix he made on January 30, 2002 was not contaminated when he put the pans in the holding area, and he further asserts "It is possible that I might not have noticed a small amount of contamination, or that the mix could have been contaminated by mix pan lids after I made it."

**Company's response:** This assertion should be stricken because it constitutes impermissible speculation.

12. In his affidavit at paragraph 22, Plaintiff asserts that "[a]t the meeting to discuss the contaminated mix, Phillip Gustafson and I reported that other employees who made contaminated mixes and/or failed to sign MO's were not disciplined."

**Company's response:** This assertion should be stricken because it is inconsistent with Plaintiff's deposition testimony, in which he did not testify that he reported that other employers who made contaminated mixes and/or failed to sign MO's were not disciplined (Pl. Tr. I, 209-223). While Plaintiff testified that Mr. Gustafson told Mr. Zeena that other employees made contaminated mixes, he did not assert that Mr. Gustafson reported anything about the failure of other employees to sign MO's or how other employees were disciplined (Id. 223).

13. In his affidavit at paragraph 24, Plaintiff states as follows: "I believe that my discipline and termination was based on my race and color, may [sic] comments opposing discrimination, and my conduct in supporting the union as a means of ending race discrimination at Saint Gobain. I think each of these factors motivated the defendant."

**Company's response:** This paragraph should be stricken in its entirety because it constitutes improper opinion, speculation, and a legal conclusion.

14. In his affidavit at paragraph 25, Plaintiff states as follows: "With respect to my discipline and discharge, I believe that Clark, Zeena, Baker and Stockman discriminated against me because of my race and color and retaliated against me because of my comments opposing discrimination. I believe that rescreeners Aubin and Hanson may have treated me differently than other mixers because of my race and color and/or because of my comments opposing discrimination. I also believe that these individuals retaliated against me because of my union activity."

**Company's response:** This paragraph should be stricken in its entirety because it constitutes improper opinion, speculation, and a legal conclusion.

## ARGUMENT

It is well settled that a party opposing summary judgment cannot create a genuine issue of material fact by relying upon his own inconsistent or contradictory statements. See Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994) (where "an interested witness has given clear answers to unambiguous [deposition] questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed"); Williams v. Raytheon Co., 220 F.3d 16, 20-21 (1st Cir. 2000) (accord); Lowery v. Airco, Inc., 725 F.Supp. 82, 85-86 (D. Mass. 1989)("When a party has given clear answers to unambiguous deposition questions, he or

she cannot raise an issue of fact by submitting a subsequent affidavit that merely contradicts the deposition testimony); see also Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir. 1991)("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony."); and O'Brien v. Analog Devices, Inc., 34 Mass. App. Ct. 905, 906 (1993) (a "party cannot create a disputed issue of fact by the expedient of contradicting by affidavit, statements previously made under oath at a deposition").

Based upon the foregoing case law, it is clear that Plaintiff's extensive pattern of contradicting and embellishing his prior deposition testimony should not be countenanced by this Court. Accordingly, the above cited statements in Plaintiff's affidavit should be stricken and "disregarded in considering the propriety of summary judgment." Colantuoni, 44 F.3d at 5.

## CONCLUSION

For the foregoing reasons, Defendant's motion to strike portions of Plaintiff's Affidavit should be allowed.

**LOCAL RULE 7.1 CERTIFICATION**

Defendant certifies that it conferred with Plaintiff to narrow the issues raised by this motion, but no resolution was reached.

Respectfully submitted,

SAINT-GOBAIN ABRASIVES, INC.,

By its attorneys,

/s/ David J. Kerman
David J. Kerman, BBO #269370
Guy P. Tully, BBO #555625
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: May 24, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 24, 2006.

/s/ David J. Kerman
Jackson Lewis LLP

7