## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT BRIDDELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 04-40146-FDS |
| ) | |
| **SAINT-GOBAIN ABRASIVES, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO STRIKE

**SAYLOR, J.**

This is an action alleging unlawful discrimination on the basis of race. Plaintiff Robert Briddell, an African-American, alleges that his former employer, Saint-Gobain Abrasives, Inc., (1) intentionally discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, (2) retaliated against him because of his complaints of discrimination in violation of 42 U.S.C. § 2000e, and (3) discriminated against him in violation of 42 U.S.C. § 1981.

Saint-Gobain has moved for summary judgment as to all claims. It also has moved to strike portions of plaintiff's affidavit, which was submitted in support of his opposition to the motion for summary judgment. Defendant seeks to strike on the grounds (1) that the affidavit contradicts answers given during Briddell's deposition in a deliberate attempt to create the existence of a genuine issue of material fact, and (2) that it contains inadmissible speculation and opinion.

This memorandum will address defendant's motion to strike.  The Court will address defendant's motion for summary judgment in a separate opinion.[1]

## I.   Introduction

As a general matter, only evidence that would be admissible at trial may be considered by the Court on summary judgment.  *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49-51 (1st Cir. 1990).  Under Rule 56(e), affidavits—although not themselves admissible at trial—may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence.  *See id.*  A motion to strike is the proper vehicle for challenging the admissibility of evidence offered at summary judgment.  *See Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682 (1st Cir. 1994).  The moving party must specify the objectionable portions of the opposing party's summary judgment materials along with the grounds for objection.  *Id.*  The Court should disregard only those facts that are inadmissible and consider the rest of the parties' evidence.  *Id.*

In addition, it is well-established that "a party opposing summary judgment may not manufacture a dispute of fact by contradicting his earlier sworn testimony without a satisfactory explanation of why the testimony is changed."  *Abreu-Guzman v. Ford*, 241 F.3d 69, 74 (1st Cir. 2001); *see Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4 (1st Cir. 1994); *Williams v. Raytheon Co.*, 220 F.3d 16, 20-21 (1st Cir. 2000).  However, the affidavit will be stricken only if there is a clear and unambiguous contradiction between the affidavit and the prior sworn testimony.  *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 26 (1st Cir. 2002).  "A

---

[1] For a discussion of the facts of this case, see the Memorandum and Order on Defendant's Motion for Summary Judgment filed herewith.

subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment." *Id.*

## II. Analysis

Defendant has moved to strike several portions of plaintiff's affidavit on the grounds that various statements contradict and embellish plaintiff's prior deposition testimony or are inadmissible under the Federal Rules of Evidence.

### A. Paragraph 5 of Plaintiff's Affidavit

Defendant first objects to that portion of paragraph 5 of plaintiff's affidavit in which he states that within a few years of Saint-Gobain taking over the company, "all of the African American supervisors had left, and had been replaced by white employees." Defendant contends that plaintiff has failed to demonstrate that he has personal knowledge or a proper foundation for this statement.

However, it is undisputed that defendant was employed at the plant in question from 1985 to 2002, including during the period of events described in this paragraph. The statement therefore appears to be based on Briddell's personal perceptions as an employee and will not be struck.

### B. Paragraph 6 of Plaintiff's Affidavit

Defendant objects to that portion of paragraph 6 in which plaintiff states that "[a]t no time after the defendant took over were African American or black employees promoted or hired into a supervisor positions [sic] in the Bonded Abrasives Division. I believe that this was the result of racial prejudice." Defendant contends that plaintiff has failed to demonstrate personal knowledge or a proper foundation as to the first statement, and that the second statement constitutes

3

impermissible opinion.

As to the first statement, it appears to be based on plaintiff's personal perceptions as an employee of Saint-Gobain and will not be struck. The Court agrees with defendant as to the second statement, however, and will strike it as inadmissible.

### C.     Paragraph 7 of Plaintiff's Affidavit

Defendant next seeks to strike that portion of paragraph 7 of plaintiff's affidavit which states that to plaintiff's knowledge, "white employees did not have to take such a [basic skill] test to receive a higher paid position, I complained that this was racist." Defendant contends that plaintiff has not demonstrated personal knowledge or proper foundation as to whether white employees had to take the test. As to plaintiff's statement that he "complained that this was racist," defendant contends that it contradicts his sworn deposition testimony, in which plaintiff did not contend that he made any such complaint.

The Court rejects both contentions. The first objection is without merit, because plaintiff does not affirmatively assert that white employees were not required to take the test. Rather, he simply states that he was not aware of white employees being so required. As such, the statement appears to be based on his personal perceptions and will not be struck.

The second objection is likewise without merit, because the statement is not inconsistent with plaintiff's prior deposition testimony. At his deposition, Briddell was asked if, in 1998, he complained to General Supervisor Thomas Oliver or anyone in human resources that the requirement that he take a test in order to get the promotion was unfair. Plaintiff responded that he did not. While the statement in paragraph 7—read alone—might appear to contradict this prior declaration, the following paragraph reveals otherwise. In paragraph 8 of the affidavit,

4

plaintiff states: "I complained about this to Steven Stockman, the Vice President of Bonded Abrasives, North America, and Richard Zeena the Human Resources Manager for Bonded Abrasives. To the best of my knowledge, they never investigated my complaints." A review of plaintiff's deposition testimony indicates that the meetings with Stockman and Zeena did not take place until 2000. Briddell's assertion that he complained to Stockman and Zeena in 2000 simply does not contradict his deposition testimony that he made no complaint to Oliver or anyone in human resources in 1998. The statement will not be struck.

### D.    Paragraph 8 of Plaintiff's Affidavit

In paragraph 8 of his affidavit, Briddell states that he "complained about this [1998 incident involving the basic skills test] to Steven Stockman, the Vice President of Bonded Abrasives, North America, and Richard Zeena the Human Resources Manager for Bonded Abrasives." According to defendant, this statement impermissibly contradicts plaintiff's deposition testimony, as Briddell never asserted that he discussed this 1998 incident during any of his conversations with Zeena or Stockman.

Defendant is correct that when asked about his conversations with Zeena and Stockman, plaintiff did not testify that he complained about the 1998 incident involving the basic skills test. However, this does not rise to the level of a clear and unambiguous contradiction between the affidavit and the prior sworn testimony. *See Gillen*, 283 F.3d at 26. The Court notes that it is defendant's counsel who was taking plaintiff's deposition, and therefore determining the scope of the questions. At no time did defense counsel ask plaintiff whether he complained to Zeena or Stockman about the 1998 incident. Accordingly, the statement will not be struck.

### E.    Paragraph 11 of Plaintiff's Affidavit

Paragraph 11 of plaintiff's affidavit states that within a month of his complaints about discrimination, plaintiff "began to be disciplined for conduct which white employees and/or employees who had not complained of discrimination were not disciplined for." Defendant contends that the statement is conclusory and that plaintiff has failed to demonstrate personal knowledge or a proper foundation.

To the extent plaintiff asserts that within a month of his complaints about discrimination, he began to be disciplined, the statement appears to be based on his personal perceptions and will not be struck. However, the remainder of the statement is conclusory and lacks a proper foundation and will therefore be struck.

### F.     Paragraph 12 of Plaintiff's Affidavit

Defendant objects to that portion of paragraph 12 in which plaintiff states that "[t]here are many things that could cause a pan to be heavy that would be out of my control as a mixer. For example, after the pans had been mixed and were waiting in a holding area another mixer, rescreener, or molder could add recycled mix to my pans. Pans could also be heavy in [sic] the mix scale was not programmed correctly or did not 'team off.' I believe that defendant was aware of this when I was disciplined." Defendant contends that these statements constitute impermissible speculation and should therefore be stricken.

To the extent these statements appear to be based on plaintiff's personal experience as a mixer, the Court will allow them to stand. The last sentence, however, lacks a proper foundation and therefore will be struck.

6

G. **Paragraph 14 of Plaintiff's Affidavit**

Saint-Gobain seeks to strike that portion of paragraph 14 in which plaintiff states that "if someone had signed [a manufacturing order] for me, the defendant would have had an MO with a supervisor's initials on it." Defendant asks that this statement be struck as impermissible speculation.

The Court reads this statement as an assertion that in plaintiff's experience, if someone signed an order on his behalf, a supervisor would ordinarily initial the order. The statement, as so limited, will not be struck.

H. **Paragraph 15 of Plaintiff's Affidavit**

Defendant objects to the portion of paragraph 15 that states that at the time plaintiff was being disciplined, he reported that "other employees failed to sign MO's and failed to use the Con-Cam system but were not disciplined." As grounds for its objection, defendant states that this statement directly contradicts plaintiff's deposition testimony, in which he never made such an assertion.

The Court finds no clear and unambiguous contradiction between this statement and the prior deposition testimony. The statement will not be struck.

I. **Paragraph 16 of Plaintiff's Affidavit**

Defendant asks the Court to strike the portion of paragraph 16 which states that "I again explained that I was being treated differently than other employees who failed to sign MO's." Again, defendant contends that this statement is directly inconsistent with plaintiff's deposition testimony.

The Court finds no clear and unambiguous contradiction between this statement and the

7

prior deposition testimony. The statement will not be struck.

### J.    Paragraph 18 of Plaintiff's Affidavit

Defendant objects to the portion of paragraph 18 of plaintiff's affidavit in which he states that when the company accused him of making a 68 pound mix, "I denied this."

This statement clearly and unambiguously contradicts plaintiff's prior sworn testimony. At his deposition, plaintiff testified as follows:

> **Q.** Mr. Tivnan had spoken to you about the overweight pan the night before?
>
> **A.** Right.
>
> **Q.** What did he say to you about it?
>
> **A.** A message was left for him about me having an overweight pan.
>
> **Q.** Of 68 pounds, correct?
>
> **A.** Right.
>
> **Q.** What did you say to him when he told you that?
>
> **A.** I told him I wasn't aware of it. I wasn't aware of it.
>
> **Q.** Did you say either to Mr. Tivnan or anyone else that this pan was sitting on a truck out of your control for 12 hours and, therefore, you shouldn't be responsible for it?
>
> **A.** I might have said that.
>
> **Q.** Do you remember whether you said that or not?
>
> **A.** I don't recall.
>
> **Q.** Do you remember anything you said to Mr. Tivnan when he told you that there was a pan that you had made that weighed in excess of 68 pounds?
>
> **A.** No.

8

    **Q.**    Did you deny it?

    **A.**    No.

(Briddell Dep. p. 199-200). Plaintiff has offered no explanation as to why this testimony has changed. The statement will therefore be struck.

    **K.**    **Paragraph 20 of Plaintiff's Affidavit**

In paragraph 20, plaintiff states that to the best of his knowledge, the mix he made on January 30, 2002, was not contaminated when he put the pans in the holding area, and further asserts that "[i]t is possible that I might not have noticed a small amount of contamination, or that mix could have been contaminated by mix pan lids after I made it." Defendant contends that this statement should be stricken as impermissible speculation.

The first part of the statement—in which plaintiff states that to the best of his knowledge, the mix was not contaminated—appears to be based on his personal perceptions, and will not be struck. The Court will read the remainder of the statement as an assertion that, in his experience, the mix could become contaminated in other ways. The statement, as so limited, will not be struck.

    **L.**    **Paragraph 22 of Plaintiff's Affidavit**

Defendant objects to that portion of paragraph 22 of the affidavit, which states that "[a]t the meeting to discuss the contaminated mix, Phillip Gustafson and I reported that other employees who made contaminated mixes and/or failed to sign MO's were not disciplined." Defendant asks that this statement be struck on the ground that it is inconsistent with plaintiff's deposition testimony, in which he testified that Gustafson told Zeena that other employees made contaminated mixes, but did not testify that he or Gustafson reported that other employees failed

9

to sign MO's or that other employees were not disciplined.

The Court finds no clear and unambiguous contradiction between this statement and the prior deposition testimony. The statement will not be struck.

**M.     Paragraph 24 of Plaintiff's Affidavit**

In paragraph 24 of his affidavit, plaintiff states "I believe that my discipline and termination was based on my race and color, may [sic] comments opposing discrimination, and my conduct in supporting the union as a means of ending race discrimination at Saint-Gobain. I think each of these factors motivated the defendant." Defendant contends that this statement should be stricken in its entirety, because it constitutes improper opinion, speculation, and a legal conclusion.

The Court agrees that, under normal circumstances, plaintiff's statement would be inadmissible. However, defendant has argued that it is entitled to summary judgment because plaintiff has stated that he did not believe that he was disciplined or discharged on the basis of his race or protected activity. Specifically, defendant has pointed to the following deposition testimony from Briddell:

**Q.**     Now, Mr. Briddell, is it your belief that you were disciplined and discharged by the company because they were discriminating against you because you were black?

**A.**     I think it was because of my union activities.

(Briddell Dep. p. 332). Accordingly, plaintiff's statement that he believed he was disciplined and discharged because of his race and protected activities is relevant to rebut this argument. Moreover, the Court notes that this statement does not contradict his deposition testimony, as Briddell did not expressly state that he did *not* believe that he was disciplined and discharged

10

because he was black, and because he has asserted throughout this litigation that his union activities were linked to his race and to what he believed was the company's discriminatory treatment of black employees.

The Court will not consider plaintiff's statement as evidence that he was in fact disciplined and terminated based on his race and protected activities. It will, however, be considered for the limited purpose of rebutting defendant's claim that plaintiff believed the adverse employment actions were solely related to his union activities.

### N.     Paragraph 25 of Plaintiff's Affidavit

Finally, defendant objects to that portion of paragraph 25 in which plaintiff states that "[w]ith respect to my discipline and discharge, I believe that Clark, Zeena, Baker and Stockman discriminated against me because of my race and color and retaliated against me because of my comments opposing discrimination. I believe that rescreeners Aubin and Hanson may have treated me differently than other mixers because of my race and color and/or because of my comments opposing discrimination. I also believe that these individuals retaliated against me because of my union activity." Defendant contends that the statement constitutes improper opinion, speculation, and a legal conclusion.

For the reasons set forth above with regard to paragraph 24 of the affidavit, paragraph 25 will not be struck. The Court will not treat this statement as evidence that plaintiff was in fact discriminated against because of his race or protected activities, or that the identified individuals held those beliefs. It will, however, consider it for the limited purpose of rebutting defendant's claim that plaintiff believed that the adverse employment actions solely related to his union activities.

### III.     Conclusion

For the foregoing reasons, defendant's motion to strike portions of plaintiff's affidavit is DENIED in part and GRANTED in part.


**So Ordered.**

    /s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  March 30, 2007